## Elizabeth Clement *v.* Samuel Wright Oakey.

An injunction, and not a rule to show cause, is the proper proceeding to arrest an order of seizure and sale. C. P. 738.

Ground, comprising several squares in the city of New Orleans, was mortgaged to plaintiff, and described in the act according to the plan of the city as it existed at the time. By subsequent proceedings of the municipal authorities, the names of the streets, and numbers and boundaries of the squares were changed, *Held: that the advertisement of the property to be sold according to the old plan, was no cause to rescind the order of seizure and sale ; and that the alterations made by the municipal authorities were matters of public notoriety.*

Appeal from the District Court of the First District, *Buchanan*, J.

Morphy, J. The defendant has taken a devolutive appeal from a judgment discharging a rule to set aside an order of seizure and sale, obtained by the plaintiff on an act of mortgage importing a confession of judgment. The grounds taken were, in substance, that the proceedings subsequent to the issuing of the order, as regards the seizure, notice, and advertisements, were defective and illegal; that since the execution of the mortgage to the plaintiff, which was made according to the old plan of the suburb Annunci-

---

* See *Hill and another* v. *Phœnix Tow Boat Company*, ante, p. 35.

ation, the duly constituted authorities of the Second Municipality have changed the arrangement of the property mortgaged, which comprises several squares, altering the names of the streets, the numbers of the squares, and the boundary lines of the squares; and that the mortgaged property cannot be lawfully sold or occupied, used or enjoyed, by any purchaser, except in accordance with the new plan, so lawfully made and adopted.

The rule taken by the defendant in the premises was excepted to, on the ground that the order of seizure and sale could only be stayed by an injunction; that it did not specify the particulars wherein the proceedings werè illegal; nor show any sufficient ground to set aside the order of sale.

*G. B. Duncan*, for the plaintiff.

*T. Slidell*, for the appellant. The alterations effected by the municipal authorities, are binding on the whole world. To sell according to the old plan, would be injurious to all parties, and tending to the embarrassment of bidders. Would a purchaser be bound, should the sheriff tender him a square different from that described at the sale? Should it be announced at the sale that the description was inconsistent with the actual situation of the property, would purchasers bid as freely, with the prospect of a collision with the public authorities? The proceeding by rule presented a summary mode of testing the truth of defendant's allegations; an injunction would have led to protracted litigation.

MORPHY, J. We cannot say that the judge erred. The Code of Practice points to an injunction as the proper proceeding to arrest the execution of an order of seizure and sale. Art. 738. But admitting that a rule to show cause could be resorted to, no sufficient cause has, in our opinion, been shown to rescind the order of sale. We cannot see that any very serious difficulty could result from selling the mortgaged premises according to the old plan. The changes made by the municipal authorities in the names of the streets, and the numbers and boundary lines of the squares, are, we apprehend, matters of public notoriety; and the purchasers could make no objection on the score of such changes, when, by the description of the property according to the old plan, they were made acquainted with its true extent and situation.

*Judgment affirmed.*