No. 7766.

MICHAEL J. McADAM vs. JOHN S. RAINEY ET AL.

A party who bases his right to an Injunction on Article 303, C. P., must show: either that he has a *right of property* in the thing, or that the act sought to be enjoined, would, if done, give him a right to damages.

APPEAL from the Fourth District Court, parish of Orleans. *Houston,* J.

*Gibson, Hall & Montgomery* for Plaintiff and Appellant.

*Percy Roberts* for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The plaintiff, a judgment creditor of Soria, institutes this action to annul a sale of movables, alleged to have been fraudulently made by the latter to Rainey, coupling it with an injunction, under Art. 303 C. P., to prevent the vendee from disposing of the same, *pendente lite.*

On a rule, the defendant pleaded that an injunction did not lie, on

McAdam vs. Rainey et al.

the face of the papers, and could not issue *at all*, as its object was to arrest the execution of a judgment of the Supreme Court.

From a judgment dissolving the injunction, the plaintiff has appealed.

The record discloses that, in a previous proceeding, Rainey had, on a third opposition, obtained an injunction to prevent the sale of the same movables; that the plaintiff had denied the reality of the sale, charging its *simulation,* and, on the trial, had endeavored to establish that it had taken place in *fraud* of his rights. From a judgment annulling the sale, an appeal was taken, and the Supreme Court, considering that the *simulation* had not been established, and that the attempt, under the pleadings, to demand the nullity, on account of *fraud,* could not be countenanced, reversed the judgment and reinstated the injunction in perpetuity, without prejudice to the rights of McAdam to pursue the property in question by the revocatory action. 31 A. 862.

This suit is brought under that reserve.

The petition contains allegations that the sale was fraudulent and simulated. It does not aver, that the defendant Rainey proposes to dispose of said effects during the pendency of the suit; that he is insolvent; that if he dispose of said effects, he will part with the proceeds of sale; or that he will do any act, which, if consummated, will prove injurious to the plaintiff.

It is settled that one who bases his right to an injunction, on article 303 C. P., must show, either that he has *a right of property* in the thing, or that the act sought to be enjoined would, if done, give him a right to damages. 30 A. 800.

It is not enough that a petitioner for an injunction make oath to the verity of all the averments of facts in his petition. It is essential that the condition of things, actual and prospective, as developed by the averments, be such that the Court may see whether the plaintiff has set forth sufficient reasons in justification of his fear of the commission of the act apprehended, and that such act, if it be not prevented, and be committed, will cause damage. The petition is deficient.

C. P. 304, 296; 6 L. 63; 14 L. 277; 1 R. 497; 2 A. 321; 4 A. 147; 14 A. 57; 28 A. 649. Crescent City Live Stock Co. vs. Police Jury, recently decided.

We do not think that, under the showing made, the plaintiff was entitled to the remedy sought, and find no error in the judgment.

It is therefore affirmed with costs.

Levy, J., absent.