(46 South. 44.)

No. 16,812.

JOSEPHSON v. POWERS et al.

121
s123

(March 16, 1908.)

INJUNCTION — RESTRAINING ACTION DURING PENDING SUIT.

Where, after the institution of a suit to annul a promissory note issued by the plaintiff, together with the mortgage by which it is secured, upon grounds, verified by affidavit, which would authorize the issuance of an injunction against executory process to enforce payment of such note, the holder of the note causes executory process to issue from a division of the civil district court other than that in which the action of nullity is pending, the defendant in the writ is entitled, upon proper application to the judge of the division issuing the same, and predicated upon the allegations made in the suit already pending, to such writ of injunction, to hold matters in abeyance until said pending suit shall have been decided. Whether the executory proceedings, with the application for injunction, should not, under such circumstances, be transferred to the division in which the action of nullity is pending, is not now presented for decision.

Provosty, J., dissenting.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

Action by Pauline Josephson against Caroline Powers and Ira A. Powers. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Thompson Bulwer Walker and Benjamin Yehill Wolf, for appellants. Benjamin Ory, for appellee.

Statement of the Case.

MONROE, J. On June 6, 1907, plaintiff, representing that she had acquired the same in good faith, for value, before maturity, presented a petition to the civil district court praying for executory process to enforce the payment of a promissory note for $3,500, executed by defendant (Mrs. Powers), secured by an act of mortgage importing confession

of judgment, and running in favor of A. D. Danziger and all future holders, etc. The petition was allotted to division D, and the order for executory process was signed by the judge of that division on June 7th. On June 18th defendant filed a plea of lis pendens, alleging:

"That your respondent has instituted suit in this honorable court on May 24, 1907, entitled 'Mrs. Ira A. Powers v. J. Grossman & Sons et al.,' No. 82,786, * * * allotted to division A. That said suit has for its object and purpose the setting aside of the mortgage herein sued upon, and upon which executory process is being directed herein, and to have same decreed * * * null and void, and that said suit is directed against the party plaintiff herein and (is) now pending. That, in order to be able to try the declinatory exception of lis pendens, herein filed, * * * an injunction should issue * * * restraining the further execution of the writ of executory process * * * by (upon) your respondent giving bond * * * in such sum as this honorable court may * * * direct."

And the pleading concludes with the prayer:

"Wherefore, the premises considered, your respondent prays that an injunction do issue herein" restraining the plaintiff and the sheriff from proceeding with the execution of said writ, "by (upon) your respondent giving good and solvent bond, * * * and that, after due trial had of the exception herein filed, the plea of lis pendens be maintained and * * * plaintiff's suit dismissed," etc.

The exception and application for injunction were heard contradictorily with the plaintiff, and upon the hearing the applicant offered in evidence the record in the suit No. 82,876, pending in division A, from which it appears that on May 24, 1907, defendant had filed in the civil district court a petition in which she alleges that the property affected by the mortgage herein sought to be enforced was acquired by her from her first husband; that some time prior to the execution of the mortgage—

"she was approached by one Adolph Grossman, a member of the firm of J. Grossman Sons, * * * composed of Adolph Grossman and Isidore Grossman, * * * and * * * was informed * * * that your petitioner's hus-

band, Ira A. Powers, was indebted unto the firm of J. Grossman Sons in the sum of $3,500, or more, for money collected and not accounted for by the said Ira A. Powers while acting in the fiduciary capacity of salesman and collector for the aforesaid firm, * * * and that * * * said Adolph Grossman, acting for the said firm, * * * threatened petitioner with preferring criminal charges against her said husband * * * if she did not mortgage * * * her property in order to secure * * * said firm * * * against any loss they might sustain through the conduct of her husband; * * * that at or about, and during, the time the said Adolph Grossman * * * was attempting to coerce petitioner, * * * her said husband was * * * constantly harassing petitioner in coercing her to hypothecate her property to relieve him of his obligation * * * with Grossman Sons; that your petitioner persistently refused to do so until she was threatened by her husband with force and bodily harm if she would not do so; * * * that, owing to the threats made by the said Adolph Grossman to prosecute her husband criminally if restitution was not made, * * * and the various threats of her husband as aforesaid, * * * she mortgaged her separate and paraphernal property; * * * that, while said act of mortgage was accepted by A. D. Danziger, * * * and the mortgage note, * * * said mortgage note was for the benefit of J. Grossman Sons; * * * and * * * that the said Adolph Grossman, acting for the firm of Grossman Sons, * * * well knew * * * that said mortgage was executed for the purpose of paying the claim * * * held against her husband, and a finale to the conspiracy and collusion, entered into with the said Adolph Grossman * * * and her husband, * * * in compelling your petitioner to mortgage her separate property to protect her husband from criminal prosecution and to secure the said firm of J. Grossman Sons. * * * Your petitioner now says * * * that the firm of J. Grossman Sons and the individual members thereof are the holders and owners of said mortgage note aforesaid, that said note is held by them illegally and fraudulently and in deprivation of your petitioner's rights, * * * and that said mortgage * * * is illegal, null, and void, and should be ordered erased and canceled," etc.

And she prays for citation, and for judgment accordingly.

On May 31, 1907, Mrs. Powers filed a supplemental petition in the suit thus referred to, in which she reiterates the allegations of the original petition and further alleges:

"That one Miss Pauline Josephson has made demand for payment of * * * the same note held by the firm of J. Grossman Sons, * * * and that said Pauline Josephson, pre-

tending now to be the owner of said note, is only acting in collusion with the said Isidore and Adolph Grossman; * * * that said Pauline Josephson, the pretended owner and holder of said note, is only a nominal holder, and that any interest in said note, if any she has, is held in collusion with the said J. Grossman Sons; * * * that, if she acquired any interest in said note, she acquired the same with full knowledge that same was obtained for the use and benefit of petitioner's husband," etc.

Wherefore she prays that Miss Josephson be made party defendant, and for judgment as in the original petition. This supplemental petition, it may be remarked, is verified by the oath of the petitioner.

As the citations and returns are omitted, the record does not show whether, or when, the plaintiff herein was cited in the suit so brought against her, and the only information that we have upon that subject is contained in the brief of her counsel, where it is said:

"And on the same day [meaning the day upon which the petition herein, for executory process, was filed], * * * later in the day, Miss Pauline Josephson was served with a supplemental petition, filed in the first suit, entitled 'Powers v. Grossman,' wherein it was sought, by supplemental petition, to make her a party to that suit."

Upon the case as thus presented the judge a quo gave judgment overruling defendant's plea of lis pendens and denying her application for the writ of injunction, and defendant has appealed.

### Opinion.

It appears from the foregoing statement that upon the hearing in the district court there were submitted for the consideration of the judge the petition, filed by defendant in the suit No. 82,786 and verified by her oath, which puts at issue the validity of the note and mortgage herein sought to be enforced, and to those petitions there was added the prayer of the defendant that the enforcement of the mortgage be stayed by injunction until its validity could be inquired into. Whilst, therefore, the plea of lis pendens would not, of itself, have authorized the judge of division D to stay the execution of the writ of seizure and sale issued by his order, even if service had previously been made in the pending suit, since such execution could have been stayed only by a writ of injunction, to have been issued upon one or other of the grounds provided by Code Prac. art. 739, the defendant, we think, brought herself within the provisions of the law, entitling her to stay the execution, by applying for the injunction, upon the basis of her sworn petition setting forth the invalidity of the note and mortgage which plaintiff herein is seeking to enforce. She had the right to bring suit for the nullity of the note and mortgage in question, and she did so; and, so long as the holder of the note was not seeking to enforce its payment, there was no occasion for her to invoke any conservatory writ to hold matters in abeyance until the suit so brought should be decided. When, however, the holder of the note caused executory process to issue, such writ became necessary, and defendant was not deprived of the right to invoke its aid because she had previously brought the action of nullity. If the application for the executory process had fallen to the division of the court to which the suit to annul the note and mortgage had already been allotted, the application for the injunction would necessarily have been made to that division, and the only questions to have been considered would have been whether it should have been made under the one number or the other, and whether the allegations relied on were such as to authorize the issuance of the writ. That, in such case, it should have been made a part of the pending suit, is clear, since in that suit defendant had already set forth the grounds relied on by her for the annul-

ment of the note and mortgage, and there was no reason why she should have complicated matters by resorting to a distinct suit in order to obtain the aid of a conservatory writ, the only purpose and effect of which would have been to hold matters in abeyance until the issues in such suit could be determined. As it happened, the application for the executory process was allotted to another division of the court, and defendant was obliged to apply to the judge who ordered its issuance for the injunction to stay its execution; but, though she was confronted with that necessity by reason of the manner in which the court is organized, there was no more reason in the one case than in the other why she should complicate matters by instituting another distinct suit upon the same cause of action as that already pending in another division of the same court. All that she wants is a conservatory writ, or order, holding matters in abeyance until the suit instituted by her can be decided, and that relief we think she is entitled to, because she

121 LA.—2

has prayed for it in the proper tribunal, and because her prayer is predicated upon sufficient allegations, contained in the petitions filed in that suit. Whether, under the rules of the civil district court, the judge of division D should transfer the matter pending in that division to division A, to be there consolidated or tried with the suit No. 82,786, is a question that we are not now called on to decide.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that this case be remanded to the district court, to be there proceeded with according to law and to the views expressed in the foregoing opinion; the costs of the appeal to be paid by plaintiff, appellee herein, and those of the district court to await the final judgment in the case.

NICHOLLS, J., takes no part, not having heard the argument. PROVOSTY, J., dissents.