OVERTON, J.
This is an appeal by defendant from an order granting executory process on a mortgage executed by him to secure the payment of a promissory note for $25,000. The note was made by defendant to his own order and was, by him, indorsed in blank. Several reasons are urged as to why executory process should not have been granted, an-d as to why the order granting it should be annulled and set aside. It is necessary, however, to consider only one of those reasons, and. that reason is that the mortgage was not executed in authentic form.
The act recites that—
“Before me. Turner Williams, a notary public in and for the county of Tunica, Mississippi, duly commissioned and qualified, and in the presence of the witnesses hereinafter named and undersigned personally came and appeared Nicholas A. Dawson, who declared that he is a resident of De Ridder, Beauregard parish, state of Louisiana, who further declared and acknowledged that he is justly and truly indebted unto the future holder of the following within described mortgage note, in the just and full sum of twenty-five thousand and no/100 dollars, good and lawful current money of the United States of America, the same being a loan made and advanced him for the reimbursement 'whereof he has made and subscribed his certain promissory note dated the date hereof, drawn to the order of and indorsed by himself, for the said sum of twenty-five thousand no/100 dollars .payable six months after date at the West Louisiana Bank, Leesville, Louisiana, and stipulating to bear interest at the rate of- six per cent, per annum from date until paid.”
Then follows a declaration that the note has been paraphed by the notary for identification with the mortgage, followed, in turn, by certain stipulations relative to costs and attorney’s fees, then by the clause granting the mortgage, an<P a description of the property mortgaged. Certain other stipulations follow, and then appears the. signature of defendant and the signatures of two witnesses, but not the signature of the notary. Following these signatures is the declaration that the certificate required by article 3364 of the Revised Civil Code is waived. The act then concludes with the.following recital:
“Thus done, read and passed, at my office in the town of Tunica, Miss., in the presence of Jas. B. Roark and J. N. Dulaney competent witnesses, -who sign their names with the parties and me, Turner Williams, said chancery clerk, the day, month and year first above written.”
The mortgage was then signed again by the defendant and by the witnesses, who had previously signed it, but not by the chancery clerk and ex officio notary public. However, immediately following these signatures, there appears the following certificate or acknowledgment, to wit:
“Before me, Turner Williams, chancery clerk of Tunica Co., Miss., and ex officio notary, per *833 sonally came and appeared Nicholas A. Dawson, known to me to be the identical person who signed the above instrument, who declared to me notary that he signed same for the purposes herein expressed. [Signed] Turner Williams, Chancery Clerk and Ex Officio Notary.”
Article 2234 of the Revised Civil Code of this state, as amended and re-enacted by Act 67 of 1908, reads as follows:
“The authentic act as relates to contracts, is that which has been executed before a notary public or other officer authorized to execute such functions in presence of two witnesses, aged at least 14 years, or. of three witnesses, if a party be blind. If a party does not know how to sign, the notary must cause him to affix his mark to the instrument.”
Section 1 of Act 192 of 1918 reads as follows:
“That any and all acts that shall be passed before any notary public and two witnesses in the District df Columbia, or in any state of the United States other than Louisiana or in foreign countries before any commissioned officer of the army or navy of the United States of America serving therein shall be authentic acts and shall have the same force and effect as if passed before a notary public in Louisiana.”
[1] It therefore appears that an “authentic act” is one passed before a notary or other officer having the required power, in the presence of two witnesses, unless one of the parties to the act be blind, in which event the number of witnesses required is three; and it, therefore, also appears that an act passed before a notary in Mississippi, or in any other state of the Union, or in the District of Columbia, in the presence of two witnesses, is an authentic act, carrying with it the same force and effect as if passed before a notary in this state.
Since, therefore, the law provides that an act to be authentic must be executed in a certain defined manner, it should appear on the face of the act that it was executed in the manner required. In this instance, it does not appear that the mortgage was executed in the manner required. It is true that the mortgage begins as if passed before a notary and two witnesses, and so reads until the end is reached; but when- the end is reached, it is discovered.that the notary failed to sign the instrument as the official before whom it was passed, if indeed it were actually passed before him, but instead of so signing it, if the mortgage were passed before him, it appears that he merely signed the certificate, quoted above, certifying that defendant, who was well known to him, as being the person who had signed the instrument, appeared before him and acknowledged that he had signed it. The declaration, in this certificate, that the defendant appeared and acknowledged that he had signed the mortgage, is inconsistent with the recital in the mortgage that that instrument was passed before the clerk and ex officio notary in the presence of two witnesses. Therefore, as the clerk, an ex officio notary, did not sign the mortgage, as the official before whom it was executed, but instead signed a mere certificate to the effect that defendant appeared before him and acknowledged that he had signed it, which is inconsistent with the idea that the mortgage was passed before that official, it cannot be held that the mortgage on its face shows that it was passed before a notary public in the presence of two witnesses, and hence that it is an authentic act.
[2] As the mortgage, in this instance, does not appear to be one by authentic act. it cannot be foreclosed by executory process. O. P. arts. 732 and 733. Plaintiff’s remedy is by ordinary process.
For the reasons assigned, it is ordered, adjudged, and decreed that the order appealed from be annulled; vacated, and set aside, and that the writ of seizure and sale that issued be recalled; plaintiff to pay the costs in both courts.