No. 3875

Second Circuit

DUPUY ET AL. v. PHILLIPS, SHERIFF, ET AL.

(February 26, 1931. Opinion and Decree.)

See, also, 130 So. 855.

L. K. Watkins, of Minden, attorney for plaintiffs, appellants.

Stewart & Stewart, of Minden, attorneys for E. T. McGovern, defendants, appellees.

WEBB, J. E. T. McGovern, a judgment creditor of the United Railway Men's Oil Association, issued execution on his judgment, under which there was seized in the hands of the sheriff and advertised for sale a bond which was given by plaintiff, under the provisions of articles 681 and 682, Code Prac., in payment of a drilling rig sold by the sheriff in execution of a judgment in favor of D. W. B. Kurtz, Jr., against the Railway Men's Oil Association, and, in the present action, plaintiffs seek to restrain the sale of the bond.

Plaintiffs, in addition to the facts above stated, alleged that the United Railway Men's Oil Association had instituted an action against them to recover the drilling rig, the suit being No. 5027, United Railway Men's Oil Corporation v. Jules L. Dupuy et al., on the docket of the district court of Webster parish, La., in which suit the association's demands were rejected, and J. L. Dupuy et al., plaintiffs here, were decreed to be the owners of the drilling rig, from which judgment the association had appealed to the Supreme Court, where the appeal was still pending.

Plaintiffs further alleged that, in order to protect plaintiffs' rights pending the appeal and to prevent a multiplicity of suits in event the judgment should be reversed, it was necessary that the sale of the bond should be restrained until the suit pending had been decided. A restraining order and a rule were issued against McGovern and the sheriff, ordering them to show cause why a preliminary injunction should not issue. They excepted that the petition failed to state a cause of action, which was sustained, and judgment rendered dismissing plaintiffs' suit, from which judgment plaintiffs prosecute this appeal.

In support of the right to an injunction, appellants refer to the provisions of the Code of Practice relative to when an injunction may issue against persons not parties to the suit (articles 298, et seq., Code Prac.), and especially article 303, Code of Practice, which reads:

"Besides the cases above mentioned, courts of justice may grant injunctions in all other cases when it is necessary to preserve the property in dispute during the pendency of the action, and to prevent one of the parties, during the continuance of the suit, from dilapidating the same, or from doing some other act injurious to the other party.

"In addition to the cases mentioned above, the judge may grant an injunction, on the application of any purchaser whose property is seized for the payment of the price of a thing sold to him, whenever a suit has been instituted against him for the said property"—

and the decisions in Klein v. Coon et al., 10 La. Ann. 522; Craig v. Lambert, 44 La. Ann. 885, 11 So. 464, and Josephson v. Powers, 121 La. 28, 46 So. 44.

In Josephson v. Powers, the plaintiff had instituted an action to annul a note

and mortgage given by him; and the injunction was issued to restrain defendant from proceeding to foreclose the mortgage by executory process, pending the action to annul; in Klein v. Coon et al. a writ was issued to prevent the wife from executing a judgment against the husband, pending an action by the plaintiff, a creditor of the husband, to annul the judgment; and in Craig v. Lambert the injunction was merely ancillary to the main demand, to protect plaintiff's possession during the pendency of a suit involving her right of possession.

The situation presented here is not analogous to the situation presented in the cited cases, as in the present instance neither the sheriff nor McGovern were parties to the suit pending on appeal to the Supreme Court, and we do not think that the provisions of article 303 are applicable, as plaintiffs did not allege that they had any right of ownership in the bond, or that, if the bond should be sold, they would sustain any damage. McAdam v. Rainey, 33 La. Ann. 108. Although it may possibly be that, should the bond be sold, the purchaser would attempt to enforce collection pending the appeal in the Supreme Court, it does not, we think, follow that plaintiffs would have the right to prevent the sale of the bond, in the absence of any allegation or suggestion that the bond was negotiable, and that the purchaser at sheriff's sale would acquire any greater right to enforce same than would be the case if the bond was sought to be enforced by the sheriff.

We are therefore of the opinion that the exception of no cause of action was properly sustained, and plaintiffs' suit dismissed, and the judgment is affirmed, at appellants' cost.