BRUNOT, J.
 

 This is a suit against the surety on three judicial bonds, viz. a bond for a restraining order, a bond for a preliminary injunction, and an appeal bond. After trial of the case on the merits, judgment was rendered in favor of the plaintiff and against the defendant for $3,000, the sum of the bond for the preliminary injunction with legal interest thereon from June 28, 1929, and costs of the suit. The appeal is from that judgment.
 

 Plaintiff has answered the appeal, and prays that the judgment be amended by increasing the amount allowed therein to $4,-830.
 

 The record discloses that plaintiff obtained a judgment against J. B. Smith and W. H. Smith, Jr., in solido, for $4,830, with interest, attorneys’ fees, and costs. When the judgment became final a fieri facias was issued, and, under the writ, a drilling rig with its various appurtenant parts was seized and advertised for sale. The day preceding the date of the sale, the judgment debtors filed an injunction suit in which they obtained a rule upon, the plaintiff in this suit to show cause, on a fixed date, why a preliminary injunction- should not issue as prayed for in their petition, and, pending a hearing on the rule, they obtained a restraining order, conditioned upon their furnishing bond in the sum of $3,000. The defendant in this suit became the surety on that bond. The rule to show cause was heard and made absolute, and the defendant became the surety on the preliminary injunction bond, which was also fixed at $3,000. The case was
 
 *500
 
 thereafter tried on the merits, and judgment was rendered rejecting the judgment debtors’ prayer for an injunction and dissolving the preliminary injunction which was granted by the court in its. judgment on the rule nisi. A suspensive appeal was taken from this judgment, and the defendant became surety on the appeal bond, which was fixed in ;the sum of $8,000,
 

 While- the appeal was pending, the district judge, upon the application of the appellants, ordered the sheriff to release the seizure and deliver the property seized under the writ of fieri facias to appellants. The sheriff complied with the order, and the property was moved to a different parish, where it was destroyed by a disastrous overflow.
 

 From the date of the seizure until its delivery to the appellants, under the order of the court, the property was in the custody of the sheriff. It is clear that, when the judgment on the rule to show cause was rendered, the restraining order and the bond given to obtain it had served their purpose. It is equally clear that, when the judgment was rendered on the trial of the case upon the merits, the preliminary injunction and the bond for that injunction had also served their purpose. The extent of the liability of the surety on that bond was limited to the actual damage the plaintiff may have suffered by reason of the preliminary injunction. It appears that there was no liability, for the reason that the sheriff, at that time, had in his possession, under seizure, sufficient property of the judgment debtors to pay the amount of the judgment, and all accrued interest, attorneys fees, and costs. It likewise appears that defendant is not liable on the appeal bond, for the reason the same condition existed when that bond was executed.
 

 The bondsman cannot be held for a loss resulting solely from an improvident order of court, issued ex parte, at the instance of the principal on the bond, at a time subsequent to the perfection of the bond. The condition of ■ an appeal bond is that the surety will pay such judgment as- may be rendered against the 'appellant if the judgment cannot be satisfied by the proceeds of the sale of the appellant’s property.
 

 In this ease there was ample property to satisfy the final judgment. It was lost through no fault, knowledge, or implied acquiescence of the surety, but in a manner beyond its control. But for the order of the court mentioned supra, the plaintiff might recover from the Sheriff and his bondsman, but the court’s order protects that officer, and, unfortunately for the plaintiff, it must now look to the judgment debtors for recovery.
 

 For the reasons stated, the judgment appealed from is reversed, and it is now decreed, that plaintiff’s suit be dismissed at its cost in both courts.