## MARTIN–WILKIE CHEVROLET CO. v. WINGART.

### No. 5870.

Court of Appeal of Louisiana. Second Circuit.

April 28, 1939.

H. W. Ayres, of Jonesboro, for appellant.

Wayne Stovall, of Jonesboro, for appellee.

HAMITER, Judge.

Defendant prosecutes this suspensive appeal from an order of executory process. The order issued in connection with the foreclosing of a chattel mortgage executed by defendant on his automobile to secure a note for $129.60, which plaintiff holds. It is urged that executory process is improper for the reason that there is no supporting authentic evidence.

Appellee has moved in this court to dismiss the appeal. It avers in the motion, that (1) defendant confessed judgment in the act of chattel mortgage and by reason thereof and under the provisions of article 567 of the Louisiana Code of Practice, no appeal lies; and (2) alternatively, that no bond for the appeal has been served on it. In our opinion, neither of these contentions is meritorious.

The pertinent provision of the cited article of our Code of Practice is that, "The party against whom judgment has been rendered can not appeal: (1) If such judgment have been confessed by him, or if he have acquiesced in the same, by executing it voluntarily." Obviously, this codal provision pertains only to confessed judgments had in regular proceedings instituted on matured obligations. It has no relevancy to the confession of judgment imported by a mortgage act, as in the instant case, affecting an unmatured indebtedness and on which executory process might issue. A distinction between the two types of confessions of judgment is recognized in article 7, § 44 of the Louisiana Constitution when it provides that a judgment cannot be confessed prior to the maturity of the obligation sued on, except for the purpose of executory process.

Authority for the foreclosing by executory process is found in Code of Practice, article 732 et seq. The specifically named article lists two cases in which it can only be resorted to. One of these is, "When the creditor's right arises from an act importing a confession of judgment, and which contains a privilege or mortgage in his favor." Article 733 states: "An act is said to import a confession of judgment in matters of privilege and mortgage, when it is passed before a notary public, or other officer fulfilling the same functions, in the presence of two witnesses, and the debtor has declared or acknowledged the debt for which he gives the privilege or mortgage."

Our appellate courts on numerous occasions have sustained appeals from orders of executory process issued in foreclosures of mortgage acts importing confessions of judgment. They hold that only two methods are possible for arresting a sale under the discussed proceeding, one being by injunction and the other by appeal. Trimble v. Chavis, 11 La.App. 208, 123 So. 513. In Franek v. Brewster, 141 La. 1031, 1043, 76 So. 187, 192, we read: "The only process afforded a defendant for arresting executory proceedings, on the complaint that there was not sufficient authentic evidence before the judge to authorize the issuance of his fiat, is by an appeal from the order of seizure and sale. And the only remedy for arresting executory proceedings, on grounds not disclosed by the proceedings, is by injunction. C. P. arts. 738, 739, 298, and 303; Clement v. Oakey, 2 Rob. 90; Minot v. President, etc. [of Bank of United States], 4 Rob. 490; Zuntz v. Cornen, 10 La.Ann. 433; Dupre, Adm'r v. Anderson, 45 La.Ann. 1134, 13 So. 743; Josephson v. Powers et al., 121 La. 28, 46 So. 44."

In the case of Coreil v. Vidrine, 188 La. 343, 177 So. 233, 235, it is said that,—"It appears that the law is well settled that lack of authentic evidence to support an order of foreclosure by executory process must be raised by an appeal from the order of seizure and sale and cannot be raised by a rule nisi for an injunction."

Practically all of the mortgage acts executed in Louisiana import confessions of judgment, and, if the law is as appellee contends, the mortgagors therein would be without remedy to arrest foreclosures under executory process where the required authentic evidence is not present.

No statute or jurisprudence has been called to our attention which requires the service of an appeal bond upon the appellee, and we know of none. We are satisfied that the alternative ground urged in behalf of the motion to dismiss is untenable.

Next to be considered is the complaint made by appellant, namely, that the act attempted to be foreclosed is not authentic and therefore does not justify the order of executory process.

In view of the provisions of articles 732 and 733 of the Louisiana Code of Practice, quoted supra, a mortgage which is not an authentic act cannot be foreclosed by executory process. The creditor's remedy is by ordinary process. West Louisiana Bank v. Dawson, 154 La. 830, 98 So. 262.

"The authentic act, as relates to contracts, is that which has been executed before a notary public or other officer authorized to execute such functions, in presence of two witnesses, aged at least fourteen years, or of three witnesses, if a party be blind. If a party does not know how to sign, the notary must cause him to affix his mark to the instrument." Civil Code, article 2234.

The body of the mortgage under consideration bears only the signatures of the mortgagor, of an agent of plaintiff company, and of one witness. Following these signatures is an affidavit executed before a notary public by the mentioned witness on a printed form in which she states that, "the instrument was executed by the parties thereto in the presence of

affiant and in the presence of both of the witnesses and all of the parties as their own free act and deed, and that their genuine signatures appear thereto."

The Supreme Court in Baker v. Baker, 125 La. 969, 970, 52 So. 115, 117, said: "The contention that the notary's certificate of acknowledgment attached to the instrument converted it into an authentic act is without force, as the acknowledgment was not signed by the grantor and the witnesses. An act, to be authentic, must show on its face that it was passed before a notary or other officer authorized to execute such functions and two competent witnesses. Civ.Code, art. 2234. The parties, the notary or other officer, and the witnesses must sign the act, in order to make it authentic."

The chattel mortgage sought to be foreclosed herein is not an authentic act and therefore executory process was improperly issued.

Accordingly, the order appealed from is annulled and set aside, and the suit is dismissed at the cost of plaintiff in both courts, without prejudice as to further actions.