**NOLEN v. DAVIDSON'S SUCCESSION**
(two cases).

Nos. 6144, 6145.

Court of Appeal of Louisiana. Second Circuit.

May 3, 1940.

On Rehearing Nov. 29, 1940.

Writ of Certiorari Denied Jan. 6, 1941.

Executory process, in each of two proceedings, was resorted to by plaintiff on December 16, 1938, in the foreclosure of a crop lien and a chattel mortgage executed by L. M. Davidson as security for his two notes held and owned by such plaintiff. The suits were instituted against the succession of L. M. Davidson, deceased, through the administrator, C. C. Davidson, and were numbered 12,536 and 12,538 on the docket of the district court of Claiborne Parish, Louisiana.

Following the seizure of the property affected by the encumbrances, but before the sale thereof, the administrator perfected suspensive appeals from the orders of executory process, returnable to this court. Signing as sureties on the appeal bonds furnished were Jim Gully, E. C. Hightower, A. Wasson, and C. F. Hightower.

The sheriff appointed the plaintiff, J. S. Nolen, as the keeper of the seized property and exacted from him a keeper's receipt. At no time, however, did he assume or enjoy actual possession thereof.

While the causes were pending on appeal, the administrator applied for and obtained from the district court a commission to sell all of the personal and movable property belonging to the succession of L. M. Davidson for the purpose of paying the debts of the estate; and pursuant to the commission, after due advertisement, he sold such property, including that seized in the foreclosure proceedings, and retained the proceeds thereof. Neither plaintiff nor the sheriff consented to or acquiesced in such sale. No release from seizure was authorized by either of them.

It was after the administrator's disposition of the property when this court acted on the appeals. In each case there was presented the question of whether or not the documents attached to the petition were sufficient to support executory process. We approved and affirmed the orders. 190 So. 826; 190 So. 829.

Plaintiff's efforts to continue with the proceedings and obtain the enforced collection of the obligations evidenced by the notes, after the finality of our decrees and the return of the records to the district court, were unsuccessful. They encountered the following official statement and return of the sheriff written on the reverse side of each writ under which the respective seizures were made: "This property having been sold by the administrator of

Goff, Goff & Caskey, of Arcadia, for appellant.

Meadors & Gensler, of Homer, for appellee.

HAMITER, Judge.

Each of these causes concerns the alleged liability of sureties on a suspensive appeal bond.

456

the Succession of L. M. Davidson during pendency of appeal, we are unable to execute the written writ of seizure and sale and therefore herewith return same nulla bona."

Thereupon there was filed in each case in the district court an instrument, the wording of which begins: "On motion of J. S. Nolen, plaintiff in the above numbered and captioned cause, through his undersigned counsel, and on suggestion to this Honorable Court that a final judgment was rendered herein by the Court of Appeal * * *." Other recitals therein relate to this court's affirmance of the order of executory process, the posting of the above mentioned appeal bonds, the nulla bona return of the sheriff, and the right of plaintiff to obtain judgment for the amount of his claims against the sureties on the bonds. The instrument concludes with an order signed by the district judge and also with the signature of plaintiff's counsel. The judge, in his order, directed the sureties to show cause on a designated date why judgment for the amount of plaintiff's demands should not be rendered against them.

On the return date fixed, the sureties appeared through the same counsel that represented the administrator in the prosecution of the appeals from the orders of executory process. Numerous exceptions and an answer were filed in each case; and the causes were consolidated for trial. At the conclusion of the trial, the exceptions were overruled, the motions of plaintiff were sustained, and he was granted judgment against the sureties as prayed for. They appealed suspensively.

Plaintiff has answered the appeals, alleging that they were frivolously taken, and asks damages.

The defenses urged by appellants under their various pleadings seem to be that,

(1) The procedure employed by plaintiff herein is unauthorized in law;

(2) The proceedings against them as sureties are premature;

(3) The obligations or notes, on which the original suits are based, have been paid and satisfied and consequently appellants are not liable under the bonds which they signed.

It is contended by appellants, in connection with their objection to the form of procedure, that plaintiff should have filed a written petition or motion in each cause, setting forth facts on which a judgment can be rendered, containing a prayer for the desired relief, and being verified by affidavit; and that a rule thereunder should have issued to the sureties.

■ Our appreciation of the law is that the holder of a judgment affirmed on appeal is permitted to proceed against the surety on the appeal bond by way of a motion after ten days' notice, and to have such motion tried summarily. Section 12 of Act 45 (E.S.) of 1870; Dart's Statutes, § 1414. It is unnecessary that the pleading contain a formal prayer for relief or an affidavit; and plaintiff has, we think, met all procedural requirements. The written instrument that he filed, which was a motion, sufficiently apprised the sureties of the nature of the demands and disclosed sufficient facts to justify the desired judgment; notice of at least ten days was properly given through service on the sureties of certified copies of the motion; and the matter was tried summarily.

■■ Neither can we agree with appellants' contention that plaintiff has proceeded against them prematurely. After the affirmance on appeal of the executory process orders and a resumption of the attempted enforced collection of his claims, it was found by plaintiff that all of the seized property had been previously sold by the administrator, the principal on the appeal bonds signed by the sureties. This disposition was accomplished without any intervention or consent on his part. He, under executory process, could obtain satisfaction of his claims by the seizure and sale of only the property that secured them, which was so sold. The sureties had knowledge of this; and they, by executing the bonds that suspended the execution, obligated themselves to pay the claims in the event the orders were affirmed on appeal and settlement was not effected from the proceeds of the foreclosure. It was incumbent on them, and clearly to their interest, to be reasonably diligent toward assuring the production of the property for the execution sales, should such be necessary. They failed in this duty. Due and proper advertisement was made of the contemplated disposition by the administrator, and they were afforded ample opportunity to prevent its occurrence.

■ It is true, as the sureties point out and as above stated, that plaintiff was officially the property's keeper. However, he at no time had actual possession of it; and

neither he nor the sheriff did any act that would effect a release of the seizure.

The case of Whan v. Irwin, 27 La.Ann. 706, involved a proceeding taken against a surety on a bond given in connection with a suspensive appeal from an order of executory process. The appellate court approved and affirmed the order, and thereafter the mortgaged property was sold under execution. The proceeds of the sale were insufficient to satisfy the claim, so the creditor sought to collect the deficiency from the surety on the appeal bond. In passing upon the urged contention of prematurity, the Supreme Court said:

"The only execution which it was possible for the judgment creditor to cause to be issued, was issued and returned not satisfied. The requirements of the law were substantially complied with in this case. The surety knew that under the executory process no other property could be sold except that which was included in the mortgage, and when he stopped that writ by signing the appeal bond he obligated himself to pay the amount of such judgment for which the writ had issued, if affirmed on appeal."

Council for the sureties herein place reliance on Castor State Bank v. United States Fidelity & Guaranty Co., 172 La. 497, 134 So. 406. That decision, we think, is not controlling of this litigation. It is distinguishable. In the first place the surety's obligation therein did not arise from a bond given to suspend the sale of property seized under executory process. Secondly, the surety was provided no opportunity to prevent the release and loss of the seized property.

▪ The sureties' attack on the merits of plaintiff's claims is improper and cannot be allowed in these proceedings. If the judgment debtor or his legal representative had sought to challenge the correctness of the original obligations, which he did not do, an injunction proceeding would have been the correct and only remedy. Martin Wilkie Chevrolet Co. v. Wingart, La. App., 189 So. 309. Certainly, therefore, these sureties cannot resort to a method of attack that was unavailable to their principal.

▪ In view of the decision of Castor State Bank v. United States Fidelity & Guaranty Co., supra, which seemingly, but not actually, favors the position of the sureties, we do not feel disposed to stamp

these appeals as frivolous and award damages therefor.

The judgments appear to be correct and they are affirmed.

On Rehearing.

HAMITER, Judge.

These cases have been carefully reconsidered on rehearing, and we are of the opinion that our former decrees are correct.

Accordingly they are reinstated and made the final judgments of this court.