This is an appeal from an order of seizure and sale issued on a purported chattel mortgage note of $1,363.50 executed by the defendant, payable to the order of George E. Stephens, at the office of plaintiff company, in Houston, Texas, and endorsed by the said George E. Stephens, payable to the order of the plaintiff company. The plaintiff company makes the allegations that it is the holder and owner of the said note for valuable consideration before maturity; that the said note represents the balance of the purchase price of a trailer; that it is secured by a vendor's lien and chattel mortgage granted by the defendant. Plaintiff further made all the allegations necessary to obtain an order of executory process. The note and a copy of the purported chattel mortgage were annexed to the petition. On the petition and these annexed documents, an order of executory process was issued. Defendant has suspensively appealed from the order.
The only issue on appeal from an order of executory process is the sufficiency of authentic evidence to justify the issuance of the writ. The appellant's counsel has assigned as errors apparent on the face of the record: "(1) that the purported chattel mortgage was not executed in authentic form; (2) that the note declared upon, the payment of which is alleged to be secured by said chattel mortgage, is not paraphed to identify same with said chattel mortgage; (3) that said chattel mortgage was not recorded in the Chattel Mortgage. Records of Vernon Parish, Louisiana, as provided by law, nor was a certified copy thereof so recorded, as required by the laws of the State of Louisiana; (4) that there is no authentic act of transfer of said note to plaintiff." It is necessary, however, to consider only one of those reasons, and that reason is that the mortgage was not executed in authentic form.
We find in the record a note made and executed by the defendant in favor of George F. Stephens, and on the back of the said note appears an endorsement wherein George F. Stephens transferred this note to the plaintiff. Regardless of the fact that *Page 493 
in the note it is stated that the note is secured by a chattel mortgage of even date on certain personal property, the note is not paraphed "Ne Varietur" by a notary public to identify the same with any chattel mortgage act passed before any notary. Furthermore, there is no authentic evidence showing the transfer of the note, together with its security unto the plaintiff.
The purported chattel mortgage act is executed by the defendant by private act and not acknowledged by the defendant before any notary public. There appears a purported affidavit made by a Mr. S.J. Russo, before a Notary Public for the Parish of Vernon, wherein this party swears "That the above and foregoing is a true and exact copy of the original chattel mortgage, signed by the said T.E. Osborne, and that all the signatures hereto are true and genuine in every respect and given for the purposes as shown therein". Nowhere in the chattel mortgage act does it appear that Mr. Russo was a witness to the act or was a party thereto. The following notation is also annexed to the purported chattel mortgage act: "A true copy of the original duplicate copy filed in the Clerk's office, Vernon Parish, Louisiana, and recorded in Chattel Mortgage Records No. 19, page ___, Vernon Parish, Louisiana," and signed by a notary public of that Parish.
Section 2 of Act 198 of 1918, as amended by Act 178 of 1936, provides that a chattel mortgage act "must be passed by notarial act, or by private act duly acknowledged by one of the parties thereto, or by a subscribing witness thereto, before a Notary Public". The section further provides "that the right to foreclose upon said mortgage by executory process shall not be permitted unless the mortgage be by authentic act".
Article 732 of the Code of Practice provides that "Executory process can only be resorted to in the following cases: 1. When the creditor's right arises from an act importing a confession of judgment, and which contains a privilege or mortgage in his favor". Article 733 of the Code of Practice provides that "An act is said to import a confession of judgment in matters of privilege and mortgage, when it is passed before a notary public, or other officer fulfilling the same functions, in the presence of two witnesses, and the obligor declares and acknowledges therein the obligation * * * to which the privilege or mortgage relates".
In view of the provisions of Articles 732 and 733 of the Code of Practice and Sec. 2 of Act 198 of 1918, quoted supra, a mortgage which is not an authentic act cannot be foreclosed by executory process. The creditor's remedy is by ordinary process. West Louisiana Bank v. Dawson, 154 La. 830, 98 So. 262; Martin Wilkie Chevrolet Co. v. Wingart, La.App., 189 So. 309.
Article 2234 of the Revised Civil Code, as amended by Act 171 of 1920, provides that "the authentic act, as relates to contracts, is that which has been executed before a notary public or other officer authorized to execute such functions, in presence of two witnesses, aged at least fourteen years, or of three witnesses, if a party be blind. If a party does not know how to sign, the notary must cause him to affix his mark to the instrument".
It therefore appears that an "authentic act" is one passed before a notary or other officer having the required power, in the presence of two witnesses, unless one of the parties to the act be blind, in which event the number is three.
Since, therefore, the law provides that an act to be authentic must be executed in a certain defined manner, it should appear on the face of the act that it was executed in the manner required. The instrument under consideration, if a mortgage, was not executed in the manner required by law. It is in the form of a private act. It is not even a private act duly acknowledged by one of the parties thereto, or by a subscribing witness thereto, before a notary public.
The chattel mortgage sought to be foreclosed herein is not an authentic act and therefore executory process was improperly issued.
For the reasons assigned, it is ordered, adjudged and decreed that the order appealed from be annulled, vacated and set aside, and that the writ of seizure and sale that issued be recalled and plaintiff's suit is hereby dismissed as in case of non-suit; plaintiff to pay the costs in both courts. *Page 494