CULPEPPER, Judge.
This is an action to annul a donation inter vivos of an undivided interest in immovable property. The plaintiff, Marvin T. Hayes, is a grandchild and one of the heirs of the deceased donor, Marguerite Gibbs Hayes. The defendant is the donee, Evelyn Hayes, daughter of the donor and one of the plaintiff’s co-heirs. Plaintiff seeks to annul the donation on the grounds of a defect in form and for fraud. The trial court held plaintiff failed in his burden of proof. Plaintiff appeals. We affirm.
Plaintiff’s specification of errors urges the trial court erred in: (1) failing to find the donation contrary to the prohibition of LSA-C.C. 1497 against donations omnium bonorum, (2) failing to find fraud and collusion between the donee and the notary public who notarized the Act of Donation, (3) overruling plaintiff’s objection to the failure to place a witness under the rule of sequestration, (4) limiting the testimony of an expert witness, (5) failing to find the donation defective in form under LSA-C.C. Article 1536, and (6) concluding there was no evidence to show the value of the im-movables donated.
The facts are as follows. Marguerite Hayes was in her early nineties when the donation in question was executed on March 29,1971. Plaintiff contends that she was blind at that time. According to plaintiff, he visited his grandmother for a day or so in the summers of 1970 and 1971, and again for a weekend in November, 1972. On all of these occasions, plaintiff says he observed that she was not able to recognize either him or his children until they were within a foot of the bed.
Other members of the Hayes family testified that Marguerite was not blind. Her daughters, Evelyn Hayes and Louise Sanford, and a granddaughter, Barbara Ann Sanford, all stated that Marguerite read newspapers, magazines and her Bible until shortly before her death on November 22, 1972. Three family friends, Mrs. Joe Russo, Reverend Ernest Walker, and Mrs. Tom Taylor, and a visiting nurse, Patsy Delane, all testified that they had seen Marguerite read her Bible during 1971 and later. None of them ever heard Marguerite complain of a vision problem.
Plaintiff called two physicians to testify. Dr. John McClure, a general practitioner, had treated Marguerite from 1957 until her death. Dr. McClure stated that he knew Marguerite had “cataracts” because he had looked into her eyes and seen “them”. He had never performed a special vision examination, however, because she had never complained of a vision problem and always recognized him. He stated he did not believe that Marguerite was blind at her death.
*73 Dr. Clinton E. Hart, an eye specialist, testified he saw Marguerite in 1963 and 1966. He diagnosed a mature cataract, in the left eye only, in. 1963 and found no change in this condition in 1966. He never saw Marguerite again.
The Act of Donation was executed in the house where Marguerite lived with her daughter, Evelyn. Harry Lee Fontenot acted as notary and his wife and son witnessed the act. As Mrs. Fontenot described the scene, Mrs. Hayes sat in a chair while Mr. Fontenot read the document out loud. Then, Marguerite walked over to a table, put her glasses on and looked over the document, appearing to study it before signing her name. Both Mr. and Mrs. Fon-tenot were of the opinion that Marguerite could read the document.
Harry Lee Fontenot had known Marguerite for years and had notarized other instruments, including a power of attorney from Marguerite to Evelyn Hayes on July 10, 1970. Fontenot owned IV2 acres of the 29 acres of land covered by the March 29, 1971 donation. He also had permission from Marguerite to graze cattle on the entire tract.
Evelyn Hayes is single, had always lived with her mother, and had supported her since her father’s death in 1948. Evelyn testified that approximately 50% of her income went toward her mother’s support. She provided maintenance on the house, mortgage payments, food, furniture, and appliances. Evelyn also employed girls to stay with her mother while Evelyn worked. Evelyn’s personal checks totaling $5,663.09 were introduced into evidence.
Evelyn testified that Marguerite had an annual income not exceeding $1,500 from an unidentified lease source, until two years before her death. This income combined with an old age assistance pension was approximately $105.00 per month.
There was no evidence offered to show the value of the property donated.
Plaintiff contends the donation was contrary to the prohibition contained in LSA-C.C. Article 1497:
“Art. 1497: The donation inter vivos shall in no case divest the donor of all his property; he must reserve to himself enough for. subsistence; if he does not do it, the donation is null for the whole.”
The record contains no evidence that the property donated represented the totality of Marguerite’s assets. To the contrary, there was evidence that Marguerite did have a source of monthly income. Plaintiff failed to prove the donor was divested of all of her property.
Plaintiff failed to present evidence as to the value of the property donated. Therefore, his contentions concerning whether or not the donation was onerous or remunerative under C.C. Articles 1523-1526 must be rejected. The value of the donation must he known in order to apply these articles.
Plaintiff’s allegations of fraud and collusion between the defendant-donee and Harry Lee Fontenot are not supported by the record.
Plaintiff also makes the argument that the trial court erred in failing to place a witness under the rule of sequestration. An examination of the record shows that Reverend Ernest Walker entered the courtroom immediately prior to a recess and testified directly after the recess. While plaintiff does have an absolute right to have all witnesses sequestered, no prejudice resulted here and the assignment of error is without merit.
Plaintiff’s primary argument for nullification of the donation is the contention the donation was defective in form. Plaintiff argues three witnesses were required in this case because Marguerite was blind. As authority for this contention, plaintiff cites LSA-C.C. Article 1536 and the case of Mossler Acceptance Company v. Osborne, 14 So.2d 492 (1st Cir. 1943) where the court applied LSA-C.C. Article 2234.
We pretermit any discussion of the requirement.of three witnesses under Article 2234 because the trial court found as a fact that Marguerite Hayes was not blind. *74 It is well settled that a factual determination made by the trier of fact should not be disturbed when there is evidence to support the finding and it is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (1978).
Under the factual finding by the trial court that the donor could read, the donation by an act before a notary and two witnesses was valid as to form under LSA-C.C. Article 1536.
For these reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.