442 So.2d 1299 (1983)
Valerie Ann DUCOTE, Plaintiff-Appellee,
v.
Rodney J. DUCOTE, Jr., Defendant-Appellant.
No. 83-318.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
*1301 Sumpter & Schrumpf, Charles Schrumpf, Sulphur, for defendant-appellant.
Hunt, Godwin, Painter & Roddy, Fred R. Godwin, Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and YELVERTON, JJ.
STOKER, Judge.
Defendant, Rodney Ducote, appeals from a judgment of the trial court declaring invalid an act of donation inter vivos to him from plaintiff, Valerie Ducote, and an act between the parties captioned "Community Property Agreement".
Valerie brought this suit to annul the purported donation and community property settlement. After Rodney answered the petition, Valerie filed a motion for summary judgment alleging that there was no genuine issue of material fact as to either of the acts in question and that she was entitled to judgment in her favor as a matter of law. The trial court granted this motion and we affirm. Each act is discussed individually below.

DONATION INTER VIVOS

In her petition, Valerie asserts that the donation is invalid (1) because it is not in authentic form, (2) because she did not reserve to herself enough of her property for subsistence, and (3) because her consent was obtained through the exercise of threats and undue influence by Rodney. The only basis urged for the motion for summary judgment is that the act is not in authentic form.
The donation in question purports to transfer Valerie's one-half interest in community property consisting of two lots in a subdivision and a promissory note payable to Rodney and Valerie. The parties stipulated that the donation was executed before a notary and two witnesses, but the act has never been signed by the witnesses.
LSA-C.C. art. 1536 requires that donations inter vivos of immovable and incorporeal property be made by an act passed before a notary and two witnesses. LSA-C.C. art. 2234 makes the same requirement for an authentic act, an act which is self-proving under LSA-C.C. art. 2236. In order to be authentic an act must appear on its face to have been executed in the manner required by law. Mossler Acceptance Co. v. Osborne, 14 So.2d 492 (La. App. 1st Cir.1943); West Louisiana Bank v. Dawson, 154 La. 830, 98 So. 262 (1923). The act must be signed by the witnesses, the notary, and the parties to the act. Rittiner v. Sinclair, 374 So.2d 680 (La.App. 4th Cir.1978); Thomas v. Kean, 10 Rob. 80 (La.1845). We have no difficulty in concluding that the act of donation before us is not authentic. We must now determine what effect, if any, the act may have.
On appeal Rodney urges that LSA-C.C. arts. 2242 and 2291 should be applied to find that the donation in question was proved to have been procedurally executed in proper form. These articles provide:
"Art. 2242. An act under private signature, acknowledged by the party against whom it is adduced, or legally held to be acknowledged, has, between those who have subscribed it, and their heirs and assigns, the same credit as an authentic act.
"Art. 2291. The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.
"It amounts to full proof against him who has made it.
"It can not be divided against him.
"It can not be revoked, unless it be proved to have been made through an error in fact.
"It can not be revoked on a pretense of an error in law."
Having determined that the act before us is not authentic, we reject the contention that it can be made effective through action provided in either of the above articles. The purported donation of *1302 immovable and incorporeal property can be considered as nothing more than an act under private signature duly acknowledged and, as such, is absolutely null. See Gabert v. St. Tammany Yacht Club, 166 La. 57, 116 So. 667 (1928) and Sarpy v. Sarpy, 354 So.2d 572 (La.App. 4th Cir.1977), writ denied, 356 So.2d 436 (La.1978).
LSA-C.C. art. 2240 permits all acts to be executed under private signature except those which "positive laws have ordained to be passed in presence of a notary." The trial court in this case properly applied the rationale of American Bank and Trust Co. in Monroe v. Carson Homes, Inc., 316 So.2d 732 (La.1975), in which the Supreme Court held that a mortgage which was executed under private signature could not be used as a basis for executory process.
Virtually the same issues in the case before us were involved in American Bank and Trust Co. in Monroe v. Carson Homes, Inc., supra. The Supreme Court held there that LSA-C.C. art. 2242 was a general provision of law, but the laws relating to executory process must be strictly followed because they are specific provisions of law. Therefore, inasmuch as evidence in authentic form was required in executory process, nothing less would do, and Article 2242 was not available. LSA-C.C. art. 1536 which relates to donations inter vivos is also a specific provision of law and requires that the donation be in authentic form. The rationale of the Carson Homes, Inc. case applies and the plaintiff-appellant may not avail himself of Article 2242 in this instance.
Likewise, we find that Article 2291 quoted above is inapplicable to this case. A donation of immovable or incorporeal property can be made only by authentic act. An admission, even under oath, cannot ratify an act which is null. This principle as applied to donations is affirmed in LSA-C.C. art. 2273 which provides:
"The donor can not, by any confirmative act, supply the defects of a donation inter vivos null in form; it must be executed again in legal form."
For all of the above reasons, the trial court correctly rescinded the donation inter vivos from Valerie to Rodney.

COMMUNITY PROPERTY SETTLEMENT
Through a document executed on August 12, 1982, entitled "Community Property Settlement" the parties purported to partition all of the community property. The document itself recites that the parties were judicially separated by judgment dated September 10, 1982. Apparently this date was filled in after the judgment of separation was signed. Counsel for Rodney admits in his brief that the petition for separation was not filed until August 16, 1982. Although we do not have the petition or judgment of separation before us, these dates are not disputed.
Valerie seeks to invalidate the agreement on the basis that it is in violation of LSA-C.C. art. 2329 which provides in part:
"Spouses may enter into a matrimonial agreement that modifies or terminates a matrimonial regime during marriage only upon joint petition and a finding by the court that this serves their best interests and that they understand the governing principles and rules. They may, however, subject themselves to the legal regime by a matrimonial agreement at any time without court approval."
It is Valerie's contention that the agreement is a termination of the matrimonial regime which was not properly petitioned for and approved in court. In her petition, Valerie also claims that the settlement is null because her consent was obtained by the exercise of threats and undue influence. Only the applicability of Article 2329 is before us.
Rodney takes the position that the agreement is valid as a voluntary partition of community property under LSA-C.C. art. 2336 which provides in part:
"During the existence of the community property regime, the spouses may, without court approval, voluntarily partition the community property in whole or in part. In such a case, the things that *1303 each spouse acquires are separate property. The partition is effective toward third persons when filed for registry in the manner provided by Article 2332."
There is an apparent or obvious distinction between a modification or termination of a matrimonial regime during marriage under Article 2329 and a partition under Article 2336. One changes the nature of the property regime under which the parties live. The other partitions community property as of a given moment, but the community regime continues. For this reason Rodney correctly maintains that after a partition of community property under Article 2336, property subsequently acquired by the married parties becomes community property. Therefore, it may be observed that a partition under Article 2336 neither modifies nor terminates a matrimonial regime during the existence of the marriage. If the marriage continues, property is acquired subject to whatever regime governs the marriage.
If Rodney could show that the parties merely intended to partition the community property as of the date of the "Community Property Settlement" executed August 12, 1982, his contentions might have merit. However, the language of the agreement belies any such intent. In pertinent part, the agreement provides:
"That they do hereby desire and voluntarily partition the community property heretofore held between them, so that the community of acquets and gains previously existing between them shall be completely and wholly dissolved, and so that the property to be owned hereafter by each of them shall be the separate property of each of them."
The above quoted language makes it clear to us that the agreement was intended to terminate the matrimonial regime between Valerie and Rodney at a time when the marriage was still valid and subsisted. This is clearly in violation of Article 2329 and the trial court was correct in so ruling. Under the clear terms of LSA-C.C. art. 2329, the parties could not validly enter into the community property settlement without petitioning the court for approval and obtaining an order of court approval.
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendant-appellant.
AFFIRMED.