626 So.2d 868 (1993)
Lynette F. POIRIER, Plaintiff-Appellee,
v.
Fernest J. POIRIER, Defendant-Appellant.
No. 93-91.
Court of Appeal of Louisiana, Third Circuit.
November 3, 1993.
Rehearing Denied December 16, 1993.
Allan Leland Durand, Lafayette, for Lynette F. Poirier.
Ronald Menville, New Iberia, for Fernest J. Poirier.
Before YELVERTON, KNOLL and THIBODEAUX, JJ.
KNOLL, Judge.
This appeal concerns the validity of a community property settlement between Lynette F. Poirier (Lynette) and Fernest "Sonny" Poirier (Sonny) which they executed in contemplation of divorce. The trial court ruled in favor of Lynette, finding that: (1) the partition had not been adjudicated; therefore the exception of res judicata did not apply; and (2) the partition was lesionary.

FACTS
On October 4, 1989, the Poiriers signed a document entitled "Community Property Partition". The document divides various properties between the parties and contains a clause purporting to "discharge each other from any further accounting of community *869 property." The October 20, 1989, default judgment granting the divorce contains a one sentence order stating "the community property partition executed herein between the parties on October 4, 1989, be confirmed and made final." The document was not appended to the judgment nor was there any other indication in the record that the partition was reviewed by the court. On December 17, 1990, Lynette filed suit to annul the partition agreement and have the community partitioned in accordance with LSA-R.S. 9:2801. In the ensuing litigation, the trial court twice denied Sonny's summary judgment motions that were based on res judicata. Sonny brings this appeal.

VALIDITY OF "COMMUNITY PROPERTY PARTITION" AGREEMENT
In the proceedings below, the court addressed both the res judicata issue and the lesion issue. Because we find the agreement's validity the dispositive issue, we pretermit discussion on other issues.
We begin our analysis by noting the difference between LSA-C.C. Art. 2329 and 2336,[1] as succinctly stated by Judge Stoker of this circuit in Ducote v. Ducote, 442 So.2d 1299 (La.App. 3rd Cir.1983), writ denied, 445 So.2d 439 (La.1983):
"There is an apparent or obvious distinction between a modification or termination of a matrimonial regime during marriage under Article 2329 and a partition under Article 2336. One changes the nature of the property regime under which the parties live. The other partitions community property as of a given moment, but the community regime continues." Id. at p. 1303.
Since terminating the matrimonial regime entails greater consequences for the spouses than a partition of the existing community, Article 2329 requires a joint petition and court approval of an agreement terminating the matrimonial regime and a finding by the court that this serves their best interests and that they understand the governing principles and rules. If the agreement between the Poiriers was only intended to partition existing community property, then under Article 2336 it could be valid without fulfilling the formalities of Article 2329. However, we find the evidence preponderates, albeit the learned trial court's finding of lesion, that the agreement was intended to terminate the matrimonial regime; therefore, it is null and void for want of compliance with Article 2329. This determination is supported by the fact the parties were in the process of obtaining a divorce when the agreement was executed. Under such circumstances, it is more probable the parties were intending to terminate the community regime, rather than simply the existing community property.[2] Furthermore, to reinforce his res judicata argument, Sonny tenaciously insists in brief that the agreement was not intended to be effective until the divorce. If the parties only intended to divide existing community property, then it would not be necessary to do so in conjunction with a divorce. More importantly, we find language in the agreement indicating the parties believed the community would end with the execution of the agreement. It recites such statements as: "they [Poiriers] desire to settle and liquidate the community property which formerly existed between them ..."; "she [Lynette] agrees to accept her interest in the community property described herein to avoid any further litigation between all parties."; and "the parties hereto discharge each other from any further accounting of the community property which formerly existed between them ..." (Emphasis *870 added.). The document discusses the community regime in the past tense. Also the attempts to eliminate "any further litigation" or "any further accounting" indicates a desire to definitively settle all rights associated with the marriage. Viewing the evidence as a whole, we must conclude the Poiriers intended to terminate all rights incidental to the matrimonial regime, and not just the existing community property.
Since we find the Poiriers intended the agreement to terminate the matrimonial regime, the agreement is governed by Article 2329 and the formalities contained therein. Obviously, the Legislature found many spouses possessed such inferior bargaining positions, that the law could not allow them to give up their community rights without judicial supervision. In face of this strong legislative policy, we find the formalities of Article 2329 to be stricti juris.
In the case sub judice, the only evidence of the required formalities was one sentence in the judgment stating the agreement was "confirmed and made final." The issue of what acts meet the formalities of Article 2329 was addressed in Petrovich v. Petrovich, 556 So.2d 281 (La.App. 4 Cir.1990), writs denied, 559 So.2d 1377, 1379 (La.1990). In Petrovich, the parties stipulated the terms of the community partition in open court and read the terms into the record. The Fourth Circuit held:
"In this case there was neither a joint petition nor a finding by the trial court that the partition served the best interest of the parties. The stipulation of the parties partitioning the community, although made in court and dictated in the record, was insufficient." Id., at p. 283.
Similarly, the Poiriers filed no joint petition and the trial court made no finding of the agreement being in their best interest and that they understood the governing principles and rules. The mere reference to the agreement in the judgment of divorce is no substitute. In view of the strict requirements of Article 2329, we must hold the partition executed by Sonny and Lynette invalid.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Sonny Poirier.
AFFIRMED.
NOTES
[1] Article 2329 reads in pertinent part:

"Spouses may enter into a matrimonial agreement that modifies or terminates a matrimonial regime during marriage only upon joint petition and a finding by the court that this serves their best interests and that they understand the governing principles and rules."
Article 2336 reads in pertinent part:
"During the existence of the community property regime, the spouses may, without court approval, voluntarily partition the community property in whole or in part."
[2] We do not imply that the parties may never partition community property under Article 2336 simply because a divorce action is on the horizon. However, when there is doubt as to the parties' intention, it is logical to assume that in conjunction with a divorce, the parties intend the more comprehensive action of terminating the community regime.