SUCCESSION OF BROADAWAY.

Where a succession is solvent, and the whole property of which it is composed is under the care of the administrator, he is authorized to make any necessary advances for the support of the surviving widow in community and of the minor heirs; but such advances must be charged to the widow and the minor heirs, who, on a partition of the succession, will be considered as having received the amount so advanced on account of their shares, and the administrator will be entitled to credits accordingly.

APPEAL from the District Court of Caldwell, *Barry,* J.    *Garrett,* for the administrator, appellant.    *Crawford,* for the opponents.    The judgment of the court was pronounced by

KING, J.    S. J. *Broadaway* died, leaving a succession in community between his widow and the children of the common marriage.    Of the latter, six were minors, whom the mother represented as natural tutrix.    A part of the succession property was sold, for the purpose of paying the community debts. The residue was preserved in kind, and the revenues derived from it applied to

*margin: JOHNSON v. DOWNS.*

SUCCESSION
OF
BROADAWAY.

the discharge of the debts of the succession, and to the support of the widow and minor heirs. The administrator filed an account of his administration, which was opposed by the two heirs of full age, on the ground, among others, that the administrator had charged the succession with sums disbursed for the support of the widow and heirs of the deceased. The opposition to sums advanced for that purpose was sustained, and the administrator has appealed.

The right of the administrator to charge the succession generally with monies paid for the support of the surviving widow in community and the minor heirs, is the only question at issue on this appeal.

The succession of the deceased is solvent; the entire property of which it is composed is under the care of the administrator, and the necessity for the advances is fully shown. Under these circumstances the administrator violated no duty of his trust in making reasonable advances to the widow; but these constitute charges against her as surviving partner of the community and tutrix, and not against the succession generally. They can only properly figure on the present account, for the purpose of showing that the administrator has faithfully accounted for all the funds which have come into his hands. For their amount he stands as the creditor, not of the succession generally, but of the* parties for whose benefit the disbursements were made; and, on a partition, those parties will be considered as having received those amounts as advances on account of their shares, and the administrator will be entitled to a credit for all such payments.

The judgment of the District court is therefore affirmed, with costs.

---

## Same Case—Application for a Re-hearing.

A RE-HEARING having been applied for in this case, it was refused, for these reasons, assigned by

KING, J. In this case the re-hearing is refused because, in the opinion of the court, the judgment of the court below, and its affirmance by this court, do not prevent the administrator from being credited in the partition, and the heirs and widow in community charged, with the advances made to the widow and tutrix.