143 So. 56

## Succession of LEDET.

No. 31723.

June 20, 1932.

A. D. Danziger, P. H. Stern, and Albert B. Koorie, all of New Orleans, for appellants A. D. Danziger and O. J. Gaude.

Normann, McMahon & Breckwoldt, of New Orleans, for appellee.

O'NIELL, C. J.

■■ The executors of the will of the deceased, Henry Ledet, have appealed from a judgment ordering them to pay $250 to the widow, as tutrix, for the support of her two children, about 6 and 8 years of age, respectively. They and their mother are in necessitous circumstances; their livelihood depending upon her meager wages. She is working in a millinery establishment for $10 a week. The value of this estate exceeded $50,000, at the time of Mr. Ledet's death, February 23, 1928. The two children, being the only forced heirs, are entitled to half of the estate; and their mother, in necessitous circumstances, is entitled to the usufruct of a fourth of the estate, according to the provisions of article

2382 of the Civil Code. According to the amendment of the article, by Act No. 113 of 1926, a widow in necessitous circumstances, and apparently entitled to the so-called marital fourth of her husband's estate, may compel the executor or administrator to pay her a periodical allowance, to be fixed by the judge, and based upon an investment of what appears to be the amount of the so-called marital fourth at interest at the rate of 5 per cent. per annum. Mrs. Ledet, therefore, on the 20th of July, 1928, obtained a judgment, after trial of a rule upon the executors, ordering them to pay her $52.08 per month, to be charged against her marital fourth, and to pay her, as tutrix, $75 per month for the support of her children, and to be charged to their legitime. Obviously, the judge estimated the value of the widow's fourth of the estate at $12,500, because he fixed her allowance at $625, being 5 per cent. per annum, or $52.08 per month, for her support. The executors were granted a suspensive appeal from the order, but afterwards abandoned the appeal and agreed to pay the $75 per month for the support of the children, in consideration of the widow's abandoning her monthly allowance of $52.08. According to the agreement, the executors paid the monthly allowance of $75 for three months, and then quit paying, contending that there were no funds on hand. In November, 1931, when the arrearage covered a period of many months, the widow, as tutrix, brought this proceeding, by rule upon the executors, to compel them to pay up the amount then due under the order dated the 20th of July, 1928, and to continue to pay the monthly allowance promptly. The rule was made absolute, to the extent of ordering the executors to pay immediately the $250

needed for the support of the children. It is from that order that the executors are now appealing. They contend that there is no law authorizing the court to compel an executor or an administrator of an estate to advance to an heir in necessitous circumstances, during the administration of the estate, a monthly allowance for his or her support, even though the allowance be safely within the amount eventually coming to the heir. Our answer is that there is no law forbidding such a proper course of procedure. The decision in Succession of Broadaway, 3 La. Ann. 591, is very appropriate, viz.:

"Where a succession is solvent, and the whole property of which it is composed is under the care of the administrator, he is authorized to make any necessary advances for the support of the surviving widow in community and of the minor heirs; but such advances must be charged to the widow and the minor heirs, who, on a partition of the succession, will be considered as having received the amount so advanced on account of their shares, and the administrator will be entitled to credits accordingly."

The record leaves no doubt that this estate is solvent, notwithstanding the values have shrunken badly. The executors claim that there are no funds available for the payment of the $250 to relieve these children's wants; but we have no doubt that the funds can be made available for such a small payment, considering the size of the estate, originally, and the exigency.

The judgment or order appealed from is affirmed.