KUHN, J.
| jjThis appeal was taken by appellant, Lynn E. Peuschold, from a judgment declaring a purported matrimonial agreement to be valid as to form. For the following reasons, we convert this appeal *510 into a supervisory writ, reverse the trial court judgment, and render declaratory judgment in favor of appellant.

PROCEDURAL BACKGROUND

On January 30,1993, Ms. Peuschold, and appellee, Randall C. Rush, signed a matrimonial agreement purporting to establish a separation of property regime between them during their contemplated marriage. The document was executed before a notary, but was not signed by witnesses. Thereafter, the parties were married on February 18, 1993, and two children were born of the marriage.
On August 31, 2011, Mr. Rush filed a petition for divorce in which he alleged that the parties were separate in property due to the prenuptial matrimonial agreement they executed. On September 30, 2011, over eighteen years after the parties married, Mr. Rush executed an acknowl-edgement by authentic act of his signature on the 1993 matrimonial agreement. In response to Mr. Rush’s request for admission of facts, Ms. Peuschold admitted that she signed the matrimonial agreement, but stated that her response was not “deemed an acknowledgement of any nature or kind under oath.”
In her answer to the divorce petition, Ms. Peuschold denied that a separate property regime existed, and she filed a reconventional demand asserting that the matrimonial agreement was invalid as to form. Additionally, on January 13, 2012, she filed a petition for declaratory judgment seeking a declaration that the matrimonial agreement was invalid and that a community of acquets and gains existed between the parties. Ms. Peuschold asserted that the agreement was invalid as to form because it was neither an authentic act due to the lack of |switnesses, nor was it an act under private signature duly acknowledged by both spouses. She further alleged that the agreement was invalid due to vices of consent.
At a hearing limited to the issue of the alleged vices of form, the trial court considered the dispositive issue to be whether Ms. Peuschold’s admission that she signed the matrimonial agreement operated as an acknowledgement of the agreement under La. C.C. art. 1836, which sets forth the manner in which private acts may be acknowledged. Concluding that it did, the trial court rendered judgment that the matrimonial agreement was valid as to form. Without reasons, the trial court designated the judgment as a final judgment pursuant to La. C.C.P. art. 1915(B)(1). Ms. Peuschold now appeals, alleging in three assignments of error that the trial court erred in finding the matrimonial agreement valid as to form.

APPELLATE JURISDICTION

Initially, we note that appellate courts have a duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. Motorola, Inc. v. Associated Indemnity Corporation, 02-0716 (La.App. 1st Cir.4/30/03), 867 So.2d 715, 717. Even when a trial court has designated a partial judgment as being a final judgment under Article 1915(B) [1] *511 that designation is not |4determinative of this Court’s jurisdiction. Van ex rel. White v. Davis, 00-0206 (La.App. 1st Cir.2/16/01), 808 So.2d 478, 480. This Court must still ascertain whether it has appellate jurisdiction to review the partial judgment from which the appeal was taken. See R.J. Messinger, Inc. v. Rosenblum, 04-1664 (La.3/2/05), 894 So.2d 1113, 1122. We cannot determine the merits of an appeal unless our appellate jurisdiction is properly invoked by a valid final judgment. Texas Gas Exploration Corporation v. Lafourche Realty Company, Inc., 11-0520 (La.App. 1st Cir.11/9/11), 79 So.3d 1054, 1061, writ denied, 12-0360 (La.4/9/12), 85 So.3d 698. In the instant case, Ms. Peuschold’s petition for declaratory judgment sought a declaration that the alleged matrimonial agreement was invalid and that a community of acquets and gains existed between the parties. However, the judgment rendered by the trial court dealt only with Ms. Peuschold’s claim that the agreement was invalid for vices of form. Having found the agreement to be valid as to form, the trial eourt was still required to adjudicate the claim that the agreement was invalid due to vices of consent before it could determine whether Ms. Peuschold was entitled to the declaratory relief she sought.
Given the circumstances, allowing an immediate appeal of a decision deciding one, but not all, of the issues raised in attacking the validity of the alleged matrimonial agreement only serves to encourage multiple appeals and piecemeal litigation, causing delay and judicial inefficiency. Thus, we find that the trial court erred and abused its discretion in certifying the instant judgment as a final judgment pursuant to Article 1915(B). Nevertheless, we choose to exercise our discretionary jurisdiction to convert this appeal of a non-final judgment into a supervisory writ application and review the trial court’s judgment, since it appears arguably incorrect and a reversal of the judgment would terminate Ms. Peuschold’s suit for declaratory judgment regarding the validity of the | ^matrimonial agreement. See Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981) (per curiam).

VALIDITY OF THE MATRIMONIAL AGREEMENT

Ms. Peuschold argues that, in finding the matrimonial agreement valid as to form, the trial court ignored the requirements of La. C.C. art. 2329. Specifically, she argues that La. C.C. art. 2331, which sets forth the form requirements for matrimonial agreements, must be read in conjunction with the temporal requirement of Article 2329 that spouses who wish to enter into a matrimonial agreement during marriage modifying or terminating a matrimonial regime must obtain court approval. Since the matrimonial agreement at issue was not acknowledged until over eighteen years after the parties’ marriage and no court approval was obtained, she asserts it was invalid as to form. We agree.
Under Articles 2329 and 2331, parties may enter into a matrimonial agreement either before or during marriage concerning all matters not prohibited by public policy. Article 2331 requires that such matrimonial agreements be “made by authentic act or by an act under private *512 signature duly acknowledged by the spouses.” Additionally, although Article 2331 does not impose a temporal requirement for the spousal acknowledgements, Article 2329 requires that, in order for spouses to enter into a matrimonial agreement that modifies or terminates a matrimonial regime during marriage, the spouses must file a joint petition and obtain court approval for the agreement.
Since both Articles 2329 and 2331 deal with the execution of matrimonial agreements, they must be read in pari materia. See La. C.C. art. 13. When two statutes can be reconciled by a fair and reasonable interpretation, the court must read the statutes so as to give effect to each. In re First Columbia Life Insurance Company, 97-1083 (La.App. 1st Cir.9/29/98), 724 So.2d 790, 794, writ not considered, 98-2789 (La.1/8/99), 734 So.2d 1222. Further, due to the strong legislative policy against spouses giving up their community rights during marriage without judicial supervision, the formalities of Article 2329 must be construed stricti juris. Poirier v. Poirier, 626 So.2d 868, 870 (La.App. 3d Cir.1993), writ denied, 94-0161 (La.3/11/94), 634 So.2d 389.
In the instant case, it is undisputed that the matrimonial agreement is not in authentic form due to the absence of witnesses. See La. C.C. art. 1833. Nevertheless, the trial court accepted Mr. Rush’s argument that the 1993 matrimonial agreement was valid as to form under Article 2331 because it was an act under private signature duly acknowledged by both spouses, Mr. Rush’s acknowledgement being an authentic act executed on September 30, 2011, and Ms. Peuschold’s acknowledgement consisting of her admission during discovery that she signed the agreement. The trial court erred in doing so.
Regardless of whether Ms. Peuschold’s admission that she signed the matrimonial agreement operated as an acknowledgement, that admission occurred during the existence of the marriage, as did Mr. Rush’s own acknowledgement. Thus, even though the parties executed the matrimonial agreement by private act prior to their marriage, they did not perfect all of the elements of form required by Article 2331 prior to their marriage. Therefore, no valid matrimonial agreement existed at the time that the parties entered into marriage, and a community of acquets and gains was created by operation of law. See La. C.C. arts. 2327 & 2334. Nor could the mere acknowledgement of the private act during the marriage validate the matrimonial agreement, since Article 2329, which must be strictly construed, mandates that spouses can only modify or terminate a matrimonial [7regime during marriage by filing a joint petition and obtaining court approval.[2] No such joint petition was filed or court approval obtained in the instant case. Accordingly, we find that the 1993 matrimonial agreement was invalid as to form due to the failure of the parties to comply with the requirements of Articles 2329 and 2331.

*513
CONCLUSION

For the reasons assigned, we grant this writ and reverse the judgment of the trial court. Additionally, we hereby render judgment in favor of Lynn E. Peuschold, and against Randall C. Rush, declaring that a community of acquets and gains existed between the parties during their marriage because the January 30, 1998 matrimonial agreement they executed is invalid due to lack of proper form. All costs of this appeal are assessed to Mr. Rush.
WRIT GRANTED; REVERSED AND RENDERED.

. Louisiana Code of Civil Procedure article 1915(B) provides:
(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision *511 which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

. We do not believe any conflict exists between Articles 2329 and 2331. Article 2331 provides the general requirements of form for a matrimonial agreement and Article 2329 provides the additional requirement of court approval when the legal regime is altered or modified during marriage. However, to the extent that any conflict arguably exists, Article 2329, being the more specific provision dealing with matrimonial agreements during the existence of a marriage, governs the instant situation. See Arabie v. CITGO Petroleum Corporation, 10-2605 (La.3/13/12), 89 So.3d 307, 320 (when two statutes apply to the same subject matter and their language cannot be harmonized, the language of the more specific statute applies).