PITMAN, J.
1 ¡Defendant Dr. Michael Thomas Acurio appeals the judgment on a motion in limine in favor of his ex-wife, Plaintiff Danielle Deon Dickerson Acurio (now, Cage), which declared that the prenuptial agreement between them was not admissible evidence in the trial on their property settlement because the trial court determined that it was not in authentic form and was not a duly acknowledged act under private sig *254 nature since the acknowledgment did not occur prior to the marriage. The judgment was certified by the trial court as an appealable judgment, and this appeal followed. For the following reasons, we reverse.

FACTS

Plaintiff and Defendant were married the first time on June 27, 1998, and of that marriage, one child, ACA, was born. They divorced in February 2000.
Two years later the couple decided to remarry. Four days before their second marriage, the parties executed a document entitled “Prenuptial Agreement.” Plaintiff drafted the agreement in its entirety.
The document contains some of the following pertinent provisions:
1. From on and after the date of their marriage, each party shall have the right to own, possess, control, sell, transfer, encumber, or dispose of his or her own separate real or personal property, now owned or hereafter acquired, independently of the other and as if they were not married.
2. Each party also hereby waives all rights to and covenants not to make any claim for the following in the event of the dissolution of the marriage or of legal separation:
A. Any interest in any of the separate property of the other party now owned or acquired hereafter.
[[Image here]]
3. It is the intention of the parties that in the event of the dissolution of the marriage or of legal separation each party shall have no more right, title or interest in the separate real or personal property of the other, now owned or hereafter acquired following their marriage, than if they had never been married.
4. Both parties agree that Michael Acurio shall maintain his business totally and completely separate from the marriage and all his business dealings. Both parties also agree that any business dealings that Danielle Dickerson may enter are also separate and apart from the marriage. These business dealings are separate and apart from any and all community property.
5. Both parties agree that should they desire, they may enter any business dealings, property arrangements, buildings, or any other affair as equal or partial partners in ownership or interest as they see fit and as defined in writing.
6. Both parties agree to maintain separate checking, saving, and retirement accounts both now and after the marriage occurs, not subject to any community property. Michael Acurio agrees to contribute to the retirement account of Danielle Dickerson each and every year of the marriage an amount to be decided on by the parties each year, but not to be less than $10,000.00. This would cease in the event of separation or dissolution of the marriage.
The document stated that both parties agree it is fair and reasonable and that they entered into it without any duress or coercion. It also stated that they reviewed the document in its entirety and had the opportunity to review it with legal counsel if they so desired. The document contained the language, “In witness whereof, the parties have executed this prenuptial agreement this 25th day of January, 2002,” and was signed by both parties in the presence of a notary and one witness.
Plaintiff and Defendant married four days later. Then.' second marriage pro *255 duced two children, JCA and CDA. While they were married, [3they conducted their financial lives under the separate property regime as they had agreed. They maintained separate bank accounts and retirement and pension plans. Defendant bought the home they lived in with his separate funds, as his separate property, and it was so stated in the deed. Plaintiff appeared and signed the deed and affirmed that the property was Defendant’s separate property. The couple did establish a business, MD Investments' of NWLA, LLC, which was considered a community enterprise.
Plaintiff filed a petition for divorce in June 2009. A judgment of divorce was rendered in Bossier Parish on September 30, 2010, and was signed and fííed on October 6, 2010, which stated that a community of acquets and gains existed between the parties and that it was terminated retroactive to the date of June 2, 2009. It also stated that, “IT IS FURTHER ORDERED,J ADJUDGED AND DECREED that any rights and/or claims involving a contract dated January 25, 2002, between the parties are reserved unto each party.” The judgment ordered the parties to file a detailed descriptive list of all property they believed constituted the community of acquets and gains.
A trial on property issues was scheduled for November 16, 2015; but, in July 2015, Plaintiff filed a “Motion in Limine to Exclude Evidence of Invalid Matrimonial Agreement.” The motion sought to declare the prenuptial agreement invalid since it did not meet the requirements of form for an authentic' act, claiming it was not an act under private signature duly acknowledged.
14At the- hearing, at which Plaintiff did not appear, Defendant testified that the couple never merged any accounts and had separate checking accounts and credit cards, The only joint venture between the parties was the company he started, MD Investments. He also testified that all other accounts were totally separate and that they lived under the prenuptial agreement. Admitted into evidence were an excerpt from Plaintiffs deposition, in which she admitted signing the document, and the deed to the family home in which Plaintiff appeared and signed, acknowledging that Defendant was purchasing the property with separate funds and for the benefit of his separate estate. Two letters from Plaintiff, although typewritten and unsigned, were submitted into evidence indicating that she was no longer happy with the financial arrangement between them and that she wanted it to change.
At the hearing, the trial court found that the prenuptial agreement was not in authentic form and, further, that it was not “an act under private signature duly acknowledged prior to the marriage.” It also found that the first acknowledgment of the agreement was in “the deposition of Ms. Danielle Acurio, ... on July 8th of 2010.” Therefore, based on the lack of acknowledgment prior to the marriage, it granted the motion in limine and declared the agreement invalid.
Because the settlement of the property between Plaintiff and Defendant depends on the validity of the prenuptial agreement, the trial court certified the judgment granting the motion in limine as an appeal-able judgment. Defendant appeals.

J¿piSCUSSION

Defendant argues that the trial court erred in finding that the document did not qualify as an act under private signature duly acknowledged because the signatures were not acknowledged until after the marriage. Defendant points out that there is no time requirement ■ for acknowledgment of the signatures in a matrimonial *256 regime document and that the one at issue complies with all the requirements for acknowledgment found in the Louisiana Civil Code.
Specifically, Defendant states that La. C.C. art. 2828 defines a matrimonial agreement as a contract establishing a regime of separation of property or modifying or terminating the legal regime. La. C.C. art. 2329 states that spouses may enter into a matrimonial agreement before or during marriage as to all matters not prohibited by public policy. La. C.C. art. 2331 provides the form necessary for the creation of a matrimonial agreement and states that it shall be made by authentic act or by an act under private signature duly acknowledged. La. C.C. art. 1836 defines an act under private signature duly acknowledged and states that such an act is prima facie proof that it is the act of the party “when his signature has been acknowledged.” The article also provides that “an act under private signature may be acknowledged also in any other manner authorized by law.”
Defendant further argues that the code articles do not contain a time requirement for the acknowledgments or that, as the trial court found, the acknowledgments must be made prior to the marriage. The purpose of the | (¡acknowledgment is simply for the parties to recognize the signatures as their own. Defendant also argues that both parties acknowledged their signatures and the document in their depositions and through Plaintiffs course of conduct in acting consistently with the existence of the separation of property regime established by the agreement.
Plaintiff argues that the .trial court correctly found that the prenuptial agreement was not a private act duly acknowledged since it was not acknowledged prior to the marriage as, Plaintiff asserts, is required by La. C.C. art. 1836, and was not in the form provided in La. R.S. 35:611, which contains the language of forms signed by notaries, i.e., “On this day, the_:_ day of_, before me personally appeared [.]” She contends that the prenuptial agreement does not contain any formal acknowledgment of their signatures.
Plaintiff further argues that timing is critical and all form requirements for a matrimonial agreement must be completed prior to marriage. In support of this argument, she cites Ritz v. Ritz, 95-683 (La.App. 5th Cir.12/13/95), 666 So.2d 1181, writ denied, 96-0131 (La.3/8/96), 669 So.2d 395; and Deshotels v. Deshotels, 13-1406 (La.App. 3d Cir.11/5/14), 150 So.3d 541. These two cases hold that the purported marriage agreement would be effective only if the requirements of an act under private signature duly acknowledged were met prior to the marriage; otherwise, the spouses must file a joint petition for recognition as required by La. C.C. art. 2329, which concerns spouses who enter a different matrimonial regime during their marriage. Plaintiff asserts that the trial j^court had to read La. C.C. art. 2329 in conjunction with the other articles concerning matrimonial regimes found in the Louisiana Civil Code.
Plaintiff further contends that the judgment of the trial court should be affirmed because the trial court was only following the prevailing jurisprudence on the issue of whether a prenuptial agreement, not in proper form as án authentic act, and hot a private act duly acknowledged prior to marriage, was valid.
The pertinent articles in the Louisiana Civil Code .state as follows:
La. C.C. art. 2328
• A matrimonial agreement is a contract establishing a regime of separation of property or modifying or terminating the legal regime. Spouses are free to *257 , establish by matrimonial' agreement a regime of separation of property or modify the legal regime as provided by law. The provisions of the legal regime that have not been excluded or modified by agreement- retain their forcé and effect.
La. C.C. art. 2331
A matrimonial agreement may-be executed by the spouses, before or during marriage. It shall be-made by authentic act or by an act under private signature duly acknowledged by the spouses.
The most pertinent article to this inquiry is La. C.C. art. 1836, which states as follows:
An act under private signature is regarded prima facie as the true and genuine act of a party executing it when his signature has been acknowledged, and the act shall be admitted in evidence without further proof. ■ •
An act under private signature may be acknowledged by a party to that act by recognizing the signature as his own before a court, or before a notary public, or other officer authorized to perform thát function, in the presence of two witnesses. An act under private signal ture may be acknowledged also in any other manner authorized by law.
^Nevertheless, an act under private signature, though acknowledged, cannot substitute for an authentic act when the law prescribes such an act.
La. C.C. art. 1838 states that a party against whom an act under private signature is asserted must acknowledge his signature or. deny that it is his. . ,
■ We do not find Plaintiffs citation of La. C.C. art. 2329 to be applicable to the situation in the case at bar. We recognize that other courts have rendered cases applying the code article to similar factual situations, i.e., Ritz, supra, and Deshotels, supra; however, we disagree that the application-of this article was appropriate, as it concerns spouses who modify or terminate a matrimonial regime during marriage, and states in part:
Spouses may enter into a matrimonial agreement before or during marriage as to all matters that are not prohibited by public policy. . ,
Spouses1 may .enter into a matrimonial agreement that modifies or terminates a matrimonial -regime during marriage only- upon joint petition and a -finding by the court that this serves their best interests and that they understand- the governing principles and rules. They' may, however, subject themselves to-the legal..regime by a matrimonial agreement at any time without court approval.
, (Emphasis added.)
The application of this article to ■ the factual situation before the court would negate the other articles which apply and state that the parties can agree to a matrimonial regime of separate property prior to the marriage. This can be accomplished either by authentic act or by act under, private signature duly, acknowledged. • There is no time limit set -for acknowledgment in the Louisiana:- Civil Code, which specifically states that 13an act under private signature may be acknowledged in any manner authorized by law. We note that the act of acknowledgment is simply a recognition by the party -that the signature is his own.
Nothing in the law requires a party, who signed, an act establishing a separate property regime -under an act under private signature prior-.to marriage, to acknowledge his signature as his -own prior -to marriage. In fact, we find it nonsensical to expect a -party to sign a document days beforé -marriage. and to immediately need to acknowledge his signature prior to the marriage for it to have any effect. Such a *258 requirement would defeat the purpose of the legislature’s decision to allow the creation of a separate property regime either by authentic act or by act under private signature prior to marriage.
Further, we question what situation would arise prior to the marriage of the parties that would require them to acknowledge their signatures on the property agreement. It is not until after the marriage occurs that either spouse could possibly challenge the designation of property being brought into the marriage as separate or community. For these reasons, the need for acknowledgment of the signatures will arise only after the parties are married.
In the instant case, both parties signed the prenuptial agreement, which is dated four days prior to their marriage. Both parties have acknowledged that those are their signatures. Plaintiff stated in her deposition that she signed the document. She also signed the deed to Defendant’s house acknowledging that he was purchasing it with separate | infunds for the benefit of his separate property. She has judicially acknowledged her signature and the agreement. Because we find there is no requirement that the acknowledgment of her signature be done prior to the marriage, we find that the agreement is an act under private signature duly acknowledged and reverse the judgment of the trial court finding that the agreement is invalid. Defendant’s assignments of error with regard to this issue have merit.
Defendant’s remaining assignments of error, i.e., that the agreement between the parties was an enforceable settlement of the property existing between them, that a good faith obligation precluded Plaintiff from asserting the motion in limine and that the trial court failed to recognize the judicial acknowledgment in the judgment of divorce constituted law of the case prohibiting relitigation of the acknowledgment, were not addressed by the trial court in its judgment and, thus, are not issues which are subject to this court’s review. For these reasons, those issues will not be addressed in this opinion.

CONCLUSION

The judgment of the trial court finding that the prenuptial agreement was invalid because it was not duly acknowledged pri- or to the marriage is hereby reversed, and judgment is rendered in favor of Defendant, Michael Thomas Acurio, and against Plaintiff, Danielle Deon Dickerson Acurio, finding that the prenuptial agreement is valid and enforceable. Costs of this appeal are assessed against Plaintiff, Danielle Deon Dickerson Acurio.
REVERSED.