CLARK, Justice
pWe granted this writ application to resolve a split among the appellate courts of our state regarding the proper interpretation of La. Civ. Code art. 2331. Specifically, we are tasked with determining whether parties must duly acknowledge their signatures prior to the marriage in order for the matrimonial agreement to have legal effect. We find the acknowledgment of the signatures to be a form requirement, and the failure to meet all form requirements prior to the marriage renders the matrimonial agreement invalid. Accordingly, we reverse the judgment of the court of appeal and reinstate the district court judgment. We remand for proceedings consistent with this holding.
FACTS AND PROCEDURAL HISTORY
Danielle Deon Dickerson Acurio Cage, (hereinafter “the plaintiff’)) and Dr. Michael Thomas Acurio, (hereinafter “the defendant”), married on June 27,1998 for the first time. That marriage ended in divorce in 2000. On January 29, 2002, the parties married for a second time. Prior to this marriage, on January 25, 2002, the plaintiff and the defendant executed a document captioned “Prenuptial Agreement.” The document was signed by the parties before one witness and a notary. It is undisputed that the agreement was not executed by authentic act. Also, the agreement did not contain an acknowledgment of the signature of either party.
|2In 2009, divorce proceedings began. A judgment of divorce was signed and filed on October 6, 2010. Property issues were to be decided at a November 2015 trial. However, in July of 2015, the plaintiff filed a Motion in Limine to Exclude Evidence of Invalid Matrimonial Agreement, seeking to exclude the 2002 document for failure to comply with the form requirements of La. Civ. Code art. 2331.
The district court granted the motion in limine, finding the matrimonial agreement was not executed by authentic act or act under private signature duly acknowledged prior to the marriage. Specifically, the district court noted “the first acknowledgment of [the signatures] was in the deposition of [the plaintiff] on July 8, 2010.” Accordingly, it found the agreement was null and void “based upon the lack of form prior to the entering of the marriage.” The defendant appealed.
The Second Circuit Court of Appeal reversed the district court’s judgment on the motion in limine, holding the Prenuptial Agreement was valid and enforceable because spouses do not have to acknowledge their signatures prior to marriage. Acurio v. Acurio, 50,709 (La.App. 2 Cir. 6/22/16), 197 So.3d 253. The plaintiff filed the instant writ application. We granted the writ to determine whether the acknowledgment of the parties’ signatures must occur prior to the marriage in order for the matrimonial agreement to be valid. Acurio v. Acurio, 16-1395 (La. 12/16/16), 211 So.3d 1164.
DISCUSSION

Arguments of the Parties

La. Civ. Code art. 2331 provides:
A matrimonial agreement may be executed by the spouses before or during marriage. It shall be made by authentic *937 act or by an act under private signature duly acknowledged by the spouses.
The plaintiff argues the spouses’ signatures must be duly acknowledged pri- or to the marriage. In. support of this argument, she contends La. Civ. Code art. 2331 must be read in conjunction with La. Civ. Code art. 2329, which provides, in pertinent part:
Spouses may enter into a matrimonial agreement that modifies or terminates a matrimonial regime during marriage only upon a joint petition and a finding by the court that this serves their best interests and that they understand the governing principles and rules.
If spouses fail to enter into a valid matrimonial agreement before the marriage, La. Civ. Code art. 2329 requires them to jointly petition the court and obtain court approval to enter into a matrimonial agreement during marriage. According to the plaintiffs view, if the acknowledgment does not occur prior to the marriage, the agreement is not fully perfected and is, therefore, invalid. Thus, court approval would be required to enter into a matrimonial agreement post-nuptially. Reading these two articles jointly, as argued by the plaintiff, creates a temporal requirement for the acknowledgment to occur prior to the marriage.
The majority of the appellate courts in this state have agreed with the plaintiffs position. See Ritz v. Ritz, 95-683 (La.App. 5 Cir. 12/13/95), 666 So.2d 1181 (wherein the Fifth Circuit Court of Appeal invalidated a matrimonial agreement when the parties failed to duly acknowledge their signatures prior to the marriage); Deshotels v. Deshotels, 13-1406, p. 5 (La.App. 3 Cir. 11/5/14), 150 So.3d 541, 545 (wherein the Third Circuit Court of Appeal found a matrimonial agreement invalid “because the elements of form must have been perfected before the marriage” and a later “admission in court that [a spouse] signed the marriage agreement cannot act to retroactively resurrect the defective marriage agreement); Rush v. Rush, 12-1502 (La. App. 1 Cir. 3/25/13), 115 So.3d 508 (wherein the First Circuit Court of Appeal held that the spouses had to get court approval for a matrimonial agreement if the spouses had not acknowledged their signatures prior to the marriage); Lauga v. Lauga, 537 So.2d 758 (La. App. 4 Cir. 1989)(wherein Uthe Fourth Circuit Court of Appeal invalidated a matrimonial agreement for the spouses’ failure to acknowledge their signatures prior to the marriage).
Conversely, the defendant-contends the Second Circuit Court' of Appeal in the instant case correctly ruled that acknowledgment has no temporal requirement and can occur at any time. Because La. Civ. Code art. 2331 does not expressly place a time element on acknowledgment, the defendant relies on the general law of obligations. Specifically, he cites to La. Civ. Code art. 1836, which states:
An act under private signature is regarded prima facie as the true and genuine act of a party executing it when his signature has been acknowledged, and the act shall be admitted in evidence without further proof.
An act under prívate signature may be acknowledged by a party to that act by recognizing the signature as his own before a court, or before a notary public, or other officer authorized to perform that function, in the presence of two witnesses. An act under private signature may be acknowledged also in any other manner authorized by law.
Nevertheless, an act under private signature, though acknowledged, cannot substitute for an authentic act when the law prescribes such an act.
The defendant avers the validity of the-private signature is a question of proof of the signatures by way of acknowledgment, *938 which can be offered at any time. To support the notion that the acknowledgment is merely a matter of evidentiary proof and not an element of form, he sets forth La. Civ. Code art. 1838:
A party against whom an act under private signature is asserted must acknowledge his signature or deny that it is his. In case of denial, any means of proof may be used to establish that the signature belongs to that party.

Analysis

Against this backdrop of oppos-' ing viewpoints, we begin our analysis with some basic tenets of civilian law. “Laws on the samp subject matter, must be inter-, preted in reference to each other.” La. Civ. Code art. 13. “All laws pertaining to the same subject matter must be. interpreted in pari materia Pierce Foundations, Inc. v. Jaroy Construction, Inc., 15-785, p. 7 (La. 5/3/16), 190 So.3d 298, 303. The legal regime of .community property is presumed. La. Civ. Code art. 2340. In light of this presumption and the strong legislative policy favoring community rights, we interpret statutory provisions which waive those rights stricti juris. (See e.g. Rush, 115 So.3d at 512; Poirier v. Poirier, 626 So.2d 868, 870 (La. App. 3 Cir, 1993), writ denied, 94-161 (La. 3/11/94), 634 So.2d 389.
We note the defendant’s argument is primarily grounded in the apparent absence of a temporal requirement for acknowledgment in La. Civ. Code art. 2331. The defendant then navigates to the general rules of obligations to reach the conclusion that acknowledgment óf a party’s signature is simply an evidentiary matter that can be proven at any time. However, we find such a departure from the applicable rules on matrimonial agreements to be erroneous. La. Civ. Code art. 1916 specifically instructs, “[nominate contracts are. subject to the special rules of the respective titles when those rules modify, complement, or depart from the rules of this title [conventional obligations or contracts].” For the reasons that follow, we find the collective rules assigned to matrimonial agreements, as nominate contracts, dictate that acknowledgment of spouses’ signatures must .occur prior to the marriage, elevating proof to a matter of form.
As noted by the plaintiff, La. Civ. Code arts. 2331 and 2329 must be read in pari materia, 'or in reference to each other. La. Civ. Code art. 2329 requires spouses wishing to enter into a matrimonial agreement during the marriage to-seek court approval. Specifically, the court must be satisfied that such an agreement “serves [the parties’] best interests and that they understand the governing principles and rules.” This requirement of .court approval highlights the legislative decision to make opting out of the presumed community property-regime a task that requires effort. Therefore, in reading these two statutes jointly, it is clear the legislature intended to make it onerous to waive one’s community property rights,! «at least to the extent that certain procedural hurdles were put in place to ensure the parties consider the consequences of entering into, a matrimonial agreement that is not favored by public policy. Thus, if procedural burdens are. placed on the spouses by way of authentic act. before marriage and court approval during marriage, it logically follows that the relaxed act of signing one’s private signature, without the accompanying, requirement of it being duly acknowledged, is disallowed.
As further evidence of this conclusion, we look 'at the context within which the “private signature duly acknowledged” language is placed: as an alternative to the authentic act. Thus, we delve into' a deeper analysis of the authentic act itself. La. Civ. Code art. 1835 provides “[a]n authentic act constitutes full proof of the *939 agreement it contains, as against the parties, their heirs, and successors by universal or particular title.” An authentic act has been said to be clothed with “a presumption of genuineness.” DiVincenti v. McIntyre, 611 So.2d 140, 141 (La. App. 1 Cir. 1992). Authentic acts are afforded “a high degree of sanctity[.]” Id. For centuries now, we have recognized the convincing proof of an authentic act:
The effect given by law to authentic acts, rests upon the presumption, that a public officer, exercising a high and important trust, under the solemnity of an oath, has done his duty when acting within the scope of his authority. Selected for their character, capacity and probity, as notaries are presumed to be, the law attaches full credit to their official acts. This prerogative is established in the interest of public order, to maintain peace among men, and to prevent contestations concerning the proof or evidence of their conventions.
Succession of Tete, 7 La.Ann. 95, 96 (La. 1852). (emphasis added).
The interpretation adopted by the-defendant and the Second Circuit in the instant case is contrary to the very goal envisioned by authentic acts, which is “to prevent contestations concerning the proof or evidence” that the signatures are indeed those of the parties. Id. Instead, the result advocated by the defendant would allow parties to contest their signatures during divorce proceedings, when |7parties are most contentious, sometimes decades after the document was executed. This possibility is wholly contradictory to a “presumption of genuineness” or “full proof’ of what the thing purports to be. DiVincenti, supra and La. Civ. Code art. 1835, respectively, The presumption of validity created by an authentic act gives the document immediate legal significance. There is no suspensive condition attached which must be fulfilled before the agreement can be perfected. Likewise, it stands to reason that the requirement of acknowledgment is one with similar temporal constraints and consequences such that the proof of one’s signature is as much an element of proof as it is of required form.
The defendant would have us interpret La. Civ. Code art. 2331 as the parties’ option of executing an authentic act or executing a contract under private signature, with the acknowledgment simply amounting to a means of proving the signatures at any time. However, both the authentic act and the acknowledgment language would be rendered superfluous if all that were required were the two individuals’ signatures. As noted above, the joint reading of La. Civ. Code arts. 2331 and. 2329 evidences a legislative decision to put into place certain procedural obstacles to ensure due consideration is given to the matrimonial agreement before waiving the favored community property regime. Bearing in mind this legislative purpose, we find it would be illogical to give spouses the choice between the following unbalanced options: (1) executing a contract under such sanctified legal conditions as the requirement of a notary’and two witnesses or (2) merely placing one’s signature on a document without any external authentication. Rather, the placement of the option of “private signature duly acknowledged” within in the same bank of choices as an “authentic act” offers a window into the burden envisioned by the statute—a somewhat laborious one. In other words, it makes little sense to present as an option a heightened burden for execution of an agreement when a much less stringent one would suffice, As instructed by La. Civ.Code art. 12, the meaning of ambiguous words must be sought by examining the context in which they occur and the text of the law as a whole. Thus, we find the very fact that “an act under private signature duly acknowledged” is presented as the sole alternative to an “au *940 thentic act” is a telling recognition that both methods of execution are meant to be sufficiently arduous so as to provoke thought and consideration before entering into the agreement.
Further, while we acknowledge that secondary sources are not controlling, we find the following treatise excerpt helpful and relevant: “The act under private signature duly acknowledged (also called an authenticated private act), the third type of act, is a hybrid of the authentic act and the act under private signature.” 24 La. Civ. L. Treatise, Sales § 6:14. This scholarly commentary adds support to our holding that the language “act under private signature duly acknowledged” is a term of art that is more than just the sum of its parts. Rather, it, as a whole, is a hybrid of an authentic act and an act under private signature and cannot be dissected to mean an “act under private signature” that can be separately-acknowledged later. This same treatise discussion specifically contrasts a matrimonial agreement with a general contract of sale, stating: “Although there are some agreements which are valid if confected by authenticated private act but not by private act [footnote reference to La. Civ. Code art. 2331 (matrimonial agreement) ], the sale of an immovable is permissible by private act.” This observation recognizes that a matrimonial agreement requires more than just a private act in order to be perfected, it requires “an authenticated private act”, ie., acknowledgment of the signatures. Thus, this secondary source, while not governing, lends support to our holding that the placement of the requirement of proof (“duly acknowledged”) in the same code article as the manner of execution of the act itself (“an act under private signature”) elevates an evidentiary requirement to a form one, thereby creating a temporal element. Accordingly, we lofind in order to have legal validity, a matrimonial agreement executed prior to marriage must be made by authentic act or signed and duly acknowledged prior to marriage.
Because the parties in the instant case did not acknowledge their signatures prior to their marriage on January 29, 2002, the district court correctly granted the plaintiffs motion in limine, finding the matrimonial agreement invalid for failure to comply with the form requirements of La. Civ. Code art. 2331. Any acknowledgment that occurred post-nuptially cannot be relied upon to cure a defect in form.
CONCLUSION
For the reasons expressed above and in light of the strong public policy that favors the community property regime, we hold that for purposes of La. Civ. Code art. 2331, an act under private signature must be duly acknowledged prior to the marriage to be fully perfected and given legal effect. Thus, we reverse the court of appeal judgment and reinstate the district court judgment. We remand the matter to the district court for proceedings consistent with this opinion.
REVERSED AND REMANDED.