SUCCESSION OF RAYMOND JOHN
BRANDT

NO. 21-C-310

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 801-807, DIVISION "P"
HONORABLE LEE V. FAULKNER, JR., JUDGE PRESIDING


September 22, 2021


**JUDE G. GRAVOIS**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and John J. Molaison, Jr.


<u>**WRIT GRANTED; RULING REVERSED; MATTER REMANDED**</u>
   **JGG**
   **FHW**
   **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/RELATOR,
JESSICA FUSSELL BRANDT

 Fred L. Herman
 David R. Sherman
 Walter R. Woodruff, Jr.
 Matthew A. Sherman
 Jacob D. Young
 Meredith E. Chehardy
 Monica L. Hof

COUNSEL FOR PLAINTIFF/RESPONDENT,
MARC S. MILANO

 Timothy S. Madden
 Henry A. King
 J. Grant Coleman
 Robert J. Burvant
 W. Spencer King

COUNSEL FOR DEFENDANT/RESPONDENT,
ZACHARY HARTLINE AND ALEXIS HARTLINE

 Thomas M. Flanagan
 Randall A. Smith
 Dylan T, Leach
 Anders F. Holmgren

COUNSEL FOR DEFENDANT/RESPONDENT,
TODD DEMPSTER

 Philip A. Franco
 Courtney C. Miller
 William K. Wright, IV
 Jeffrey E. Richardson

**GRAVOIS, J.**

Relator, Jessica Fussell Brandt, widow of Raymond John Brandt, seeks this Court's supervisory review of the trial court's May 11, 2021 judgment which granted the "Motion for Interim Allowance for Maintenance During Administration" filed by Alexis Carroll Hartline and Zachary Shawn Hartline. For the reasons that follow, we grant this writ application, reverse the ruling under review, and remand the matter for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

Raymond John Brandt died on November 14, 2019. He was survived by his spouse, Jessica Fussell Brandt, and their adopted children, Alexis Carroll Hartline and Zachary Shawn Hartline ("the Hartlines"). On March 19, 2021, the Hartlines filed a "Motion for Interim Allowance for Maintenance During Administration," in which they argued that as forced heirs of Mr. Brandt,[1] they are each entitled to an amount exceeding $15,000.00 per month for their maintenance during the period of the administration of Mr. Brandt's estate, pursuant to La. C.C.P. art. 3321. Following a hearing on the motion on May 4, 2021,[2] the trial court signed a judgment on May 11, 2021 which granted the motion and found that during the period of administration of Mr. Brandt's estate, the Hartlines are entitled to a reasonable periodic allowance in money for their maintenance.[3]

In her writ application, Mrs. Brandt argues that as the sole income beneficiary of Mr. Brandt's estate for life, under both his 2010 and 2019 wills,[4] the

---

[1] It is undisputed that the Hartlines are forced heirs of Mr. Brandt.

[2] The hearing transcript is part of a previous writ application filed in this Court, No. 21-C-289. A number of exhibits were admitted at the hearing according to the transcript, but they were not attached to this writ application.

[3] The parties filed a stipulated order wherein they agreed that this matter would be set for hearing on May 4, 2021, during which they would present oral argument only regarding whether as a matter of Louisiana law the Hartlines are entitled to an allowance pursuant to La. C.C.P. art. 3321. If it was determined that they are not precluded from receiving an allowance, then at a subsequent hearing the Court would determine whether such an allowance is necessary, and if so, a reasonable amount of any such interim allowance.

[4] According to the writ application, Mr. Brandt's 2010 will provides for a testamentary trust with Mrs. Brandt as the lifetime income beneficiary. Mr. Brandt's 2019 will places the assets from his estate

21-C-310                                    1

Hartlines are not entitled to any income from Mr. Brandt's estate until her death, including an interim allowance during the period of administration of Mr. Brandt's estate. She contends that pursuant to both La. C.C. art. 1499 and La. R.S. 9:1844, the legitime in trust can be burdened with an income interest in favor of the surviving spouse and that income interest can be to the same extent and for the same term as a spousal usufruct. Thus, her designation as the sole income beneficiary of Mr. Brandt's estate for life is a permissible burden on the forced heirs' legitime. She argues that La. C.C.P. art. 3321 allows for an *advance* during the period of administration from the amount the requesting individual will receive when the period of administration ends. Mrs. Brandt contends that the Hartlines are not entitled to any income from Mr. Brandt's estate until she dies, regardless of when the period of administration ends. Thus, Mrs. Brandt avers that if the Hartlines are not due any funds from Mr. Brandt's estate *when* the period of administration ends, then they are not entitled to an interim allowance *during* the period of administration. Finally, she argues that La. R.S. 9:1841(1), which provides that when the legitime is placed in trust, after taking into account all of the other income and support to be received by the forced heir during the year, the trustee shall distribute to the forced heir, or to the legal guardian of the forced heir, funds from the net income in trust sufficient for the health, maintenance, support, and education of the forced heir, is inapplicable in this case because she has been named the sole income beneficiary of Mr. Brandt's estate for life.

In opposition, the Hartlines argue that even though Mrs. Brandt is named as the sole income beneficiary of Mr. Brandt's estate for life, this trust benefit in favor of Mrs. Brandt is not permitted to impinge upon their legitime. They argue that as forced heirs, pursuant to La. R.S. 9:1841(1), they are mandated to receive

into a 2015 inter vivos trust with Mrs. Brandt as the lifetime income beneficiary. It has not yet been finally determined whether or which of Mr. Brandt's wills will be controlling herein.

"funds from the net income in trust sufficient for the health, maintenance, support, and education of the forced heir." If not, they argue their legitime is impermissibly impinged upon. They argue that Mrs. Brandt is an income beneficiary, not a usufructuary, and that La. R.S. 9:1844 only establishes that the *length* of her income interest may equal that of a spousal usufruct and not that she is a usufructuary that can take all income and ignore the requirements of La. R.S. 9:1841(1). The Hartlines contend that their right to maintenance from their legitime is not contingent upon them having a present income interest from Mr. Brandt's estate.

## ANALYSIS

At issue herein is the interpretation of pertinent sections of the Louisiana Trust Code, specifically La. R.S. 9:1841 and La. R.S. 9:1844. The Hartlines assert that La. R.S. 9:1841(1) mandates that they are entitled to income for maintenance, no matter what and notwithstanding the fact that Mrs. Brandt is the sole income beneficiary of Mr. Brandt's estate for life, or else their legitime will be impermissibly impinged upon. Mrs. Brandt argues that the Hartlines are interpreting La. R.S. 9:1841(1) in isolation, thus rendering La. R.S. 9:1841(2) and La. R.S. 9:1844 devoid of meaning.

Louisiana Revised Statute 9:1841, entitled "General Rule," provides:

The legitime or any portion thereof may be placed in trust provided:

(1) The trustee after taking into account all of the other income and support to be received by the forced heir during the year shall distribute to the forced heir, or to the legal guardian of the forced heir, funds from the net income in trust sufficient for the health, maintenance, support, and education of the forced heir.

(2) The forced heir's interest is subject to no charges or conditions except as provided in R.S. 9:1843, 1844, 1891 through 1906 and Subpart B of Part III of this Chapter.

(3) Except as permitted by R.S. 9:1844, the term of the trust, as it affects the legitime, does not exceed the life of the forced heir; and

(4) The principal shall be delivered to the forced heir or his heirs, legatees, or assignees free of trust, upon the termination of the portion of the trust that affects the legitime.

Louisiana Revised Statute 9:1844, entitled "Legitime burdened with income interest or usufruct," provides:

The legitime in trust may be burdened with an income interest or with a usufruct in favor of a surviving spouse to the same extent and for the same term that a usufruct of the same property could be stipulated in favor of the same person for a like period.[5]

The starting point in the interpretation of any statute is the language of the statute itself. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written. La. C.C. art. 9; La. R.S. 1:4; *In re Clegg*, 10-0323 (La. 7/6/10), 41 So.3d 1141, 1154 (*per curiam*). Words and phrases are to be read in their context, and are to be construed according to the common and approved usage of the language employed. La. C.C.P. art. 5053. Further, laws on the same subject matter must be interpreted in reference to each other. La. C.C. art. 13. All laws pertaining to the same subject matter must be interpreted *in pari materia*. *Acurio v. Acurio*, 16-1395 (La. 5/3/17), 224 So.3d 935, 938. The legislature is presumed to have acted with deliberation and to have enacted each article in light of the preceding law involving the same subject matter and court decisions involving those articles. *See* La. R.S. 24:177(C); *Rebel Distributors Corporation, Inc. v. LUBA Workers' Comp.*, 13-0749 (La. 10/15/13), 144 So.3d 825, 836. Courts must interpret a law in a way that harmonizes and reconciles it with other provisions dealing with the same subject

---

[5] With respect to a usufruct in favor of a surviving spouse, La. C.C. art. 1499 provides as follows:

The decedent may grant a usufruct to the surviving spouse over all or part of his property, including the forced portion, and may grant the usufructuary the power to dispose of nonconsumables as provided in the law of usufruct. The usufruct shall be for life unless expressly designated for a shorter period, and shall not require security except as expressly declared by the decedent or as permitted when the legitime is affected.

A usufruct over the legitime in favor of the surviving spouse is a permissible burden that does not impinge upon the legitime, whether it affects community property or separate property, whether it is for life or a shorter period, whether or not the forced heir is a descendant of the surviving spouse, and whether or not the usufructuary has the power to dispose of nonconsumables.

matter.  *See Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc.*, 06-0582 (La. 11/29/06), 943 So.2d 1037, 1045.  Additionally, courts must give effect to all parts of a law and, if avoidable, should not give an interpretation that makes any part superfluous or meaningless.  *Id.*

As previously stated, La. R.S. 9:1841 provides that a legitime may be placed in trust if four requirements are met, including the requirement set forth in La. R.S. 9:1841(1) which states that, after taking into account all of the other income and support to be received by the forced heir during the year, the trustee shall distribute to the forced heir, or to the legal guardian of the forced heir, funds from the net income in trust sufficient for the health, maintenance, support, and education of the forced heir.  As another requirement, La. R.S. 9:1841(2) states that the forced heir's interest cannot be subject to any charges or conditions *except* those specifically provided by the Trust Code, *including* La. R.S. 9:1844.  Louisiana Revised Statute 9:1844 clearly states that a *permissible* burden on the legitime is an income interest in favor of the surviving spouse.  Thus, both La. R.S. 9:1841(2) and La. R.S. 9:1844 allow for the legitime to be burdened with an income interest in favor of the surviving spouse.[6]  In that case, the surviving spouse is entitled to the income as provided for in the applicable trust.[7]  The Hartlines argue that their right to funds for maintenance pursuant to La. R.S. 9:1841(1) is not contingent

---

[6] Contrary to arguments made by the Hartlines in brief, La. R.S. 9:1844 provides that the legitime in trust may be burdened with a usufruct in favor of a surviving spouse *not only* "for the same term" as a usufruct granted to the surviving spouse outside of trust, *but also* "to the same extent" as a usufruct granted to the surviving spouse outside of trust.

Further, La. C.C. art. 1499 clearly provides that a usufruct over the legitime in favor of the surviving spouse is a permissible burden that does not impinge upon the legitime, to wit: "A usufruct over the legitime in favor of the surviving spouse is a permissible burden that does not impinge upon the legitime whether it affects community property or separate property, whether it is for life or a shorter period, whether or not the forced heir is a descendant of the surviving spouse, and whether or not the usufructuary has the power to dispose of nonconsumables."

[7] *See also* La. R.S. 9:1725, which defines income beneficiary as follows:

(2) 'Income beneficiary' means a beneficiary to whom income is payable, presently, conditionally, or in the future, or for whom it is accumulated, or who is entitled to the beneficial use of principal presently, conditionally, or in the future, for a time before its distribution.

upon them having a present income interest in Mr. Brandt's estate. We find, however, that such an interpretation would render La. R.S. 9:1844 meaningless. Upon considering La. R.S. 9:1841, La. R.S. 9:1844, and La. C.C. art. 1499 *in pari materia*, we find that although a forced heir is generally entitled to receive income pursuant to La. R.S. 9:1841(1), when the surviving spouse is named as an income beneficiary, which is a permissible burden on the legitime pursuant to La. R.S. 9:1844, the surviving spouse is entitled to the income as provided for in the applicable trust—in this case Mrs. Brandt is the sole income beneficiary of Mr. Brandt's estate for life—not the forced heir. Our interpretation of these statutes harmonizes and reconciles them with other provisions of law dealing with the same subject matter, gives effect to all parts thereof, and gives an interpretation thereof that does not make any part thereof superfluous or meaningless.[8] Thus, under the current facts and circumstances presented, we find that the Hartlines are not entitled to any part of the "net income in trust sufficient for the health, maintenance, support, and education of the forced heir" from Mr. Brandt's estate pursuant to La. R.S. 9:1841(1).[9]

Louisiana Code of Civil Procedure art. 3321 provides:

When a succession is sufficiently solvent, the surviving spouse, heirs, or legatees shall be entitled to a reasonable periodic allowance in money for their maintenance during the period of administration, if the court concludes that such an allowance is necessary, provided the sums so advanced to the spouse, heirs, or legatees are within the amount eventually due them. Such payments shall be charged to the share of the person receiving them.

---

[8] *See* La. C.C. art. 13, *Acurio v. Acurio, supra*, and *Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc., supra*.

[9] *See* Edward E. Chase, Jr., 11 *Louisiana Civil Law Treatise, Trusts* (2d ed.), 11 *La. Civ. L. Treatise, Trusts* (2d ed.), § 11:1: "One of the permissible burdens on the legitime in trust is an income or usufruct interest created in the surviving spouse of the testator; such an interest, if it exists, reduces the forced heir's right to income and may alter the duration of the trust."

*See also* Edward E. Chase, Jr., 11 *Louisiana Civil Law Treatise, Trusts* (2d ed.), § 11:6, fn.1, citing Edward F. Martin, *Louisiana's Law of Trusts 25 Years After Adoption of the Trust Code*, 50 La. L. Rev. 501, 525 (1990): "If the surviving spouse has a usufruct or income interest over the forced portion, the spouse rather than the forced heir is entitled to income for the duration of the spouse's interest."

> A surviving spouse, heir, or legatee may compel the payment of an allowance during the administration by contradictory motion against the succession representative.

> Notice of the filing of a petition for authority to pay an allowance, or of a contradictory motion to compel the payment of an allowance, shall be published once in the manner provided by law.[10] The notice shall state that any opposition must be filed within ten days from the date of publication

The 1960 Comment A to La. C.C.P. art. 3321 states, in pertinent part:

> This article codifies the principles announced in *Succession of Broadaway*, 3 La. Ann. 591 (1848); *Succession of Ledet*, 175 La. 225, 143 So. 56 (1932); and *Succession of Wengert*, 180 La. 483, 156 So. 473 (1934). The *Broadaway* case holds that the administrator has the right to make reasonable advances to the widow and minor heirs and that such advances are chargeable to the persons who receive them.

It is undisputed that under the terms of whichever testament and/or trust is controlling herein and as permitted by the Trust Code, Mrs. Brandt, the surviving spouse, is the sole income beneficiary of Mr. Brandt's estate for life. As such, *following the period of administration*, the Hartlines are not entitled to any income from Mr. Brandt's estate. Thus, under the current facts and circumstances presented, we find that the Hartlines are not entitled to "a reasonable periodic allowance in money for their maintenance during the period of administration" of Mr. Brandt's estate pursuant to La. C.C.P. art. 3321. Therefore, we find the trial court erred in granting the Hartlines' "Motion for Interim Allowance for Maintenance During Administration."

**DECREE**

For the foregoing reasons, we grant this writ application, reverse the trial court's ruling under review, and remand the matter to the trial court for further proceedings.

**WRIT GRANTED; RULING REVERSED; MATTER REMANDED**

---

[10] The writ application does not include any evidence that this notice was published as required by the statute.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 22, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 21-C-310

## E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HON. LEE V. FAULKNER, JR. (DISTRICT JUDGE)

FRED L. HERMAN (RELATOR)
WALTER R. WOODRUFF, JR. (RELATOR)
DYLAN T, LEACH (RESPONDENT)
COURTNEY C. MILLER (RESPONDENT)
WILLIAM K. WRIGHT, IV (RESPONDENT)

MATTHEW A. SHERMAN (RELATOR)
ROBERT J. BURVANT (RESPONDENT)
RANDALL A. SMITH (RESPONDENT)
JEFFREY E. RICHARDSON (RESPONDENT)

MONICA L. HOF (RELATOR)
W. SPENCER KING (RESPONDENT)
THOMAS M. FLANAGAN (RESPONDENT)
PHILIP A. FRANCO (RESPONDENT)

## MAILED

ANDERS F. HOLMGREN (RESPONDENT)
ATTORNEY AT LAW
201 ST. CHARLES AVENUE
SUITE 2405
NEW ORLEANS, LA 70170

HENRY A. KING (RESPONDENT)
J. GRANT COLEMAN (RESPONDENT)
TIMOTHY S. MADDEN (RESPONDENT)
ATTORNEYS AT LAW
201 ST. CHARLES AVENUE
SUITE 4500
NEW ORLEANS, LA 70170

DAVID R. SHERMAN (RELATOR)
JACOB D. YOUNG (RELATOR)
MEREDITH E. CHEHARDY (RELATOR)
ATTORNEYS AT LAW
ONE GALLERIA BOULEVARD
SUITE 1100
METAIRIE, LA 70001